EASTERN DIS.
*April*, 1834.

ROBINSON
ET AL.
*vs.*
TAYLOR
ET ALS.

The responsibilities of sureties in bonds given to secure the faithful discharge by curators of their duties, render them liable for misconduct only to the heirs and creditors of the deceased.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.

---

ROBINSON ET AL. *vs.* TAYLOR ET ALS.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where bills of exception have been taken by both parties, and where all the evidence objected to might have been admitted without materially changing the facts; the Supreme Court will not examine the correctness of the decision of the judge *a quo* upon any of the bills of exception.

ROBINSON
ET AL.
*vs.*
TAYLOR
ET ALS.

Cotton in the possession of a certain person, shipped by him, and marked with the initials of his name, must be presumed to be his property.

This action was brought by the payee against the drawers of an accepted bill of exchange.

The plaintiffs aver that the firm of Taylor and Klein, established at St. Marks, in the territory of Florida, and composed of Taylor, Klein and Ellis H. Buell, drew their bill of exchange, dated New-Orleans, 4th January, 1831, wherein said firm requested E. H. Buell, six months after date, to pay to the order of the petitioners, four hundred and eighty-six dollars and twenty-seven cents.

That the bill was duly presented for acceptance, and accepted by Buell, the drawee; that when it fell due, diligent enquiry was made for Buell, in the city of New-Orleans, in order to demand payment, but he could not be found, being then absent in foreign parts; and that payment was then demanded of his agents in the city, who refused it, alleging they had received no order to that effect from their principal, and had no funds in their hands belonging to the parties to said bill, whereupon it was duly protested for non-payment, and due notice thereof given to Taylor and Klein, who had full knowledge of the dishonor.

The general issue was pleaded.

The bill of exchange referred to, was in the following words.

"New-Orleans, 4th January, 1831.

"Six months after date, pay to the order of Robinson and Chenery, at the Bank of Louisiana, in the city of New-Orleans, four hundred and eighty-six dollars and twenty-seven cents, for value received, and charge the same to

"Your obedient servants,

"signed,　　　　　　　　"Taylor & Klein.

"To Capt. E. H. Buell, New-Orleans."

No protest was proved, but in lieu thereof the plaintiffs read in evidence the following document, signed by Ellis H. Buell.

EASTERN DIS.
*April*, 1834.

ROBINSON
ET AL.
*vs.*
TAYLOR
ET ALS.

"As one of the members of the firm of Taylor & Klein, at St. Marks, Florida, I do hereby waive the want of a protest and notice of a certain bill of exchange, drawn by said firm of Taylor & Klein on and accepted by me, dated New-Orleans, 4th January, 1831, for four hundred and eighty-six dollars and twenty-seven cents, and payable six months from date, and do hereby on the part of said firm relinquish and abandon any defence arising from the absence of said protest and notice, and hold the said firm liable in the same manner as if all legal formalities had been complied with, in relation to said bill of exchange, the same having been omitted to save the credit of said firm."

"New-Orleans, 23d of February, 1832."

An attachment was obtained, and Stilwell and Kimball were made garnishees, who in answer to interrogatories, confessed that they had in their possession a quantity of cotton belonging to the defendants.

Robert Lyon intervened, and alleged that the said cotton was his property, purchased by him of various persons residing in or about the town of Magnolia, and shipped through Taylor and Klein to New-Orleans, for his account. He prayed that the attachment be set aside, because,

First. There was no legal surety to the bond, inasmuch as a member of a commercial partnership is not authorized to use the title of the firm, as judicial surety.

Second. That H. H. Jones, the signing surety of the bond, was not a competent surety, inasmuch as he was a citizen of the city of New-York.

The exception was overruled.

The bill of lading of the cotton was in the following words:

"Shipped in good order and well conditioned, by Taylor and Klein, on board the good schooner called the Cora, whereof J. B. Carson is master, for this present voyage, now lying in the port of St. Marks, and bound for New-Orleans, to say, twenty-five round bags cotton."

"Being marked and numbered T & K, (as in the margin) and to be delivered in the like good order and well condi-

EASTERN DIS.
April, 1834.

ROBINSON
ET AL.
vs.
TAYLOR
ET ALS.

tioned, at the aforesaid port of New-Orleans, (the dangers of the seas only excepted) unto Stilwell and Kimball," &c.

This bill of lading was received by the garnishees, accompanied by the following letter:

"St. Marks, 23d March, 1832.

"*Messrs. Stilwell and Kimball.*

"Annexed please find bill of lading and invoice of seventy-five bags cotton, shipped to your address, which you will please receive, and sell to the best advantage, and hold the proceeds, subject to our order.

"Respectfully your obt. servts.

Signed,          "Taylor and Klein."

Several witnesses testified that it was generally believed Buell and the defendants were co-partners.

The judge *a quo* rendered judgment for the plaintiffs and against the intervening party.

The latter appealed.

*Keene,* for intervenor and appellant.

1. The evidence of the case establishes the ownership of the cotton in question, to be in the appellant.

2. The proceedings of the appellees have been informal and illegal, and consequently of no effect. First. In respect of the want of protest and notice. Second. On account of the insufficiency of the security given in the attachment bond.

3. Even to waive, for argument sake, the preceeding points, yet the appellees would not be entitled to recover, for not having duly made out their claim upon Taylor and Klein.

*Conrad,* for plaintiffs and appellees.

MATHEWS, J., delivered the opinion of the court.

This suit was commenced by attachment, and Stilwell and Kimball were summoned as garnishees, who in answer

EASTERN DIS.
*April,* 1834.

ROBINSON
ET AL.
*vs.*
TAYLOR
ET ALS.

to interrogatories acknowledged that they had property in their possession belonging to the defendants, which on further investigation was shown to be twenty-five bales or bags of cotton, shipped by said defendants to the garnishees, from St. Marks, in East Florida, to New-Orleans. Lyon intervened in the suit, and claims the property attached as his own. Judgment was rendered against the defendants in the court below, and the claim of the intervenor dismissed, as not having been supported by evidence. From this judgment he alone appealed.

From this statement it is readily seen that the decision of the case depends solely on matters of fact. It is true there are some bills of exception, but if the evidence objected to be admitted, *pro* and *con*, it would not materially change the facts of the case.

The defendants being in possession of the cotton, and having shipped it in their own names, and marked with the initial letters T. K., which are those of the names, it must be presumed to be their property, unless the contrary be clearly established. The claimant is in the situation of a person who is bound to make out a clear title, against the presumption which exists in favor of the possessor. This, we think with the court below, he has not done.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.

*Where bills of exception have been taken by both parties, and where all the evidence objected to might have been admitted, without materially changing the facts, the Supreme Court will not examine the correctness of the decision of the judge* a quo, *upon any of the bills of exception.*

*Cotton in the possession of a certain person, shipped by him, and marked with the initials of his name, must be presumed to be his property.*