KIRKMAN ET AL. *vs.* HILLS.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where a judgment is rendered against the defendant, " to be satisfied to the amount of six hundred and forty-five dollars, out of the funds attached in the hands of the garnishee," it is considered a final judgment as to the garnishee, on which execution may issue against him.

Judgment may be rendered against both the defendant and garnishee, at the same time, and in the same judgment.

A garnishee may be arrested and held to bail, under a judgment against him and the defendant, but after a return of *fi. fa.* and *ca. sa.* "not found, &c.," the bail may still surrender him at any time before a judgment fixing his responsibility as bail.

This is a proceeding against bail. The plaintiffs obtained judgment against George Pollett, an absentee, and Frost Thorn, garnishee, which was entered up in the following words: " It thus appears the garnishee was the mandatory of defendant, for the purpose of paying the debt now sued on, and the money in his hands for that purpose, it is clearly understood and agreed by all parties, must be considered as money of the plaintiffs and not of defendant, the latter having lost all control over it, from the moment the plaintiffs were notified of its being in his hands for their account, if not from the moment of the receipt of it by the garnishee, for the special purpose of being handed over to the plaintiffs."

"It is, therefore, ordered and adjudged, that the plaintiffs recover from George Pollett, the sum of seven hundred and

EASTERN DIST.
December, 1840.

KIRKMAN ET AL.
vs.
HILLS.

forty-two dollars sixty-four cents, with eight per cent. interest, &c., to be satisfied to the amount of six hundred and forty-five dollars, out of the funds attached in the hands of Frost Thorn, garnishee."

The plaintiffs took out a *fieri facias*, and on a return of no property found, Thorn being in the city of New-Orleans, though residing in Texas, was arrested and held to bail on this judgment. The defendant in this rule, Hills, became his bail. The judgment being unsatisfied, and writs of *fieri facias* and *capias* having issued in vain, a rule was taken on the bail to show cause why he should not pay the sum of six hundred and forty-five dollars, which had been attached in the hands of the garnishee, and for whom he had become bail.

On hearing the rule, and the plaintiffs showing that they had taken out a *fieri facias* and *capias* against Thorn, which were returned *"nulla bona"* and "not found," there was judgment against the defendant for the amount claimed, and he appealed.

*Elwyn*, for the plaintiffs.

*Potts*, contra.

*Morphy, J.*, delivered the opinion of the court.

H. W. Hills having become the surety of one Frost Thorn, a garnishee arrested and held to bail, at the suit of the plaintiffs, the latter in due course of proceedings moved the court for judgment on the bail bond, after having given him ten days notice in writing of the intended motion. Judgment having been entered up accordingly, the bail appealed.

It is urged in this court, that there has been no regular and final judgment rendered against the garnishee, that no writ of *fi. fa.* and *ca. sa.* issued as required by law, and moreover, that the appellant is not liable under the bond, because it refers to a judgment to be rendered, not to one already rendered. We find in the record a decree entered up in the following words, to wit : *"It is ordered and adjudged, that the*

*plaintiffs, Alexander Kirkman & Co., recover of George Pollett, the defendant, seven hundred and forty-two dollars sixty-four cents, with eight per cent per annum interest on six hundred and forty-two dollars sixty-four cents, from the 1st of November 1832, until paid, and costs of suit, to be satisfied to the amount of six hundred and forty-five dollars out of the funds attached in the hands of Frost Thorn, garnishee."* The decretal part of this judgment might have been more formal and explicit, as relates to the garnishee, but such as it is, we cannot but consider it as a final judgment against him. In practice the liability of a garnishee is sometimes decreed on a rule to show cause, served on him subsequently to obtaining judgment against the debtor, but it is as often, and perhaps oftener decreed in the main judgment against the principal. The Code of Practice has laid down no positive rule on the subject, however, the terms of *article* 264, would seem to indicate as the proper one, the very course pursued by the plaintiff. It must of necessity, we think, be followed whenever the answers of a garnishee are to be controverted or disproved, for otherwise after a judgment is rendered against an absent debtor it might appear, on a rule to show cause taken subsequently on the garnishee, that the latter has no funds in his hands belonging to the defendant, and thus the court be shown to be without jurisdiction over him. If the wording of the decree in this case could leave it doubtful whether judgment was intended to be given against Thorn, he has shown that he felt himself affected by it, and understood it as a final judgment, by taking from it an appeal which has since been dismissed. In fact, it appears to us clearly from the testimony on file, and the reasoning of the judge below, that the liability of the garnishee was the only difficulty in the case. This was intended to be, and we think has been pronounced upon by this judgment. The facts disclosed by this record render probable the hardships complained of in Thorn's being decreed to pay over funds, part of which had previously been attached by another creditor. This hardship, however, he is said to have brought upon himself, by his course of conduct towards the plaintiffs. Be this as it may, this judgment is

EASTERN DIST.

*December,* 1840

KIRKMAN ET AL.
*vs.*
HILLS.

Where a judgment is rendered against the defendant, "to be satisfied to the amount of six hundred and forty-five dollars out of the funds attached in the hands of the garnishee," is considered a final judgment, as to which execution may issue against him.

Judgment may be rendered against both the defendant and garnishee at the same time and in the same judgment.

not before us on its merits, our inquiry in relation to it can only be, whether it is such a final judgment against the garnishee, as can become the basis of the subsequent proceedings requisite to fix the responsibility of his bail. Under this judgment a *fieri facias* issued, but it appearing from its wording to be directed only against Pollett, an *alias* writ was taken out against both defendants, upon which a return of "no property found," was made; thereupon, a *capias ad satisfaciendum*, was sued out, upon which the sheriff returned, that the defendants could not be found in the parish. These, we think, are all the proceedings, upon the due observance of which a recovery against the bail is made to depend by our laws. The surety, it is true, even after all this, has the right to surrender his principal at any time before judgment is pronounced against him; this has not been done. As to the objection drawn from the wording of the bail bond, it is a sufficient answer to say, that Thorn having been arrested after the judgment in the inferior court, the prospective expressions used in that instrument, must be understood to relate to the definitive judgment to be rendered by this court, before which, the case had been brought up by appeal.

It is, therefore, ordered, that the judgment under review be affirmed, with costs.