Simon, J.
delivered the opinión of the court-
This suit was brought by attachment to recover the sum of $830 91, with interest; Peyroux, Arcueil & Co., having been cited as garnishees, answered the interrogatories propounded to them, by admitting, under oath, that they had in their possession six bales of cotton belonging to the defendant, and nothing else. A few days after the filing of the garnishees’ answers, plaintiffs obtained leave to file a supplemental petition, alleging simply that they had discovered property of the defendant’s in the hands of A. Bivarde & Oo., and praying that they be made garnishees, and ordered to answer, under oath, certain interrogatories annexed to the said supplemental petition.
A. Bivarde & Oo., having failed to answer the interrogatories, they were taken as confessed, a judgment by default was taken against them, which was afterwards made final, ordering said garnishees to pay to the plaintiffs the whole amount by them claimed, and for which judgment was on the same day rendered against the defendant. A. Bivarde & Oo. appealed.
The appellants have assigned as error apparent on the face of the record that judgment was rendered against them, without any evidence to show that they had in their hands any sums of money or goods whatever, belonging to the defendant; this necessarily leads us to the inquiry whether the garnishees were regularly before the court when the interrogatories were taken pro confeséis, and when judgment was rendered accordingly; for, if they were not, the judgment was undoubtedly unsupported by evidence.
According to arts. 250 and 252 of the Oode of Practice, a garnishee [549] may be made party to a suit, and be cited to answer interrogatories on facts arid articles, either by praying to that effect in the original petition, or by a supplemental petition; and the clerk must deliver to the sheriff a copy of the petition and of the interrogatories annexed to it, with a citation directed to such garnishee to answer the same within the delay given in ordinary suits. In this case, it is contended that the garnishees were not served with a copy of the petition; and that, not knowing the nature of the plaintiffs’ action, nor the amount of the demand, they were unable to answer the interrogatories, and were not bound to notice them. The return made by the sheriff on the back of the citation served on A. Bivarde & Oo. is in these words: “ Beceived, 4th February, 1840, and on the same day served petition and citation on A. Bivarde, of the firm of A. Bivarde & Oo., garnishees, in person.” This perhaps, in ordinary cases, would be considered as prima facie evidence of a legal service and might be deemed a compliance with the art. 252 et seq. of the Oode of Practice, if it were not that on recurring to the citation itself] it clearly appears that the garnishees were only served with a copy of the supplemental petition, and that no copy of the original one was ever delivered to them. The citation recites that A. Bivarde & Oo. are cited “ to answer in writing under oath the interrogatories annexed to the supplem.ental- petition of which a copy accompanies this citation within ten days after service thereof, otherwise judgment will be entered against them for the amount claAmed by the plaintiffs, with interest and costs.” The supplemental petition, therein alluded to, contains no statement whatever of the plaintiffs’ action, and does *332 ' not in any manner show what amount is claimed by the plaintiffs with interest and costs, and as a supplemental or amended petition is nothing but a part or a continuation of the original petition, in which all the circumstances relative to the action are stated, which the parties defendant have need of knowing, in order to put them on a just defence of their rights; and as the [550] law requires in positive terms that the garnishee should be served with a copy of the petition, meaning of the entire petition and not of a supplement thereto, and of the interrogatories, to answer the same as in ordinary suits, we are not prepared to say that the service of the supplemental petition and interrogatories thereto annexed, is sufficient to bring the garnishees legally before the court, and to entitle the plaintiffs to a judgment by default against them. A writ of attachment is one of those extraordinary remedies which the law grants in certain cases to creditors for the purpose of securing their claims, by the seizure before judgment of the property, rights and credits of their debtors ; such seizure is generally levied on property or sums of money in the hands of a third person, whose rights may be affected by the proceedings, and who thereby becomes materially interested in the controversy, and in such extraordinary cases, this court has always held that the formalities of the law should bo strictly pursued. 3 La. Reports, 18; 8 Id. 587. It seems to us, that, in accordance with this rule, the appellants were entitled to the service of a copy of both original and supplemental petitions; that this not having been done, the interrogatories, the object or application of which was unknown to the garnishees, could not be taken as confessed; that no judgment by default could properly be entered against them, and that the final judgment complained of was really rendered without any evidence to support it.
There is another error apparent on the face of the record, which the appellants have not assigned, but which we cannot forbear noticing; it is this: the judgment rendered against the defendant, and the first garnishees, Peyroux, Aroueil & Go., orders the six bales of cotton attached in the hands of the said garnishees to be handed over by them or their proceeds to the sheriff in satisfaction of the judgment; yet, by the judgment appealed, from, the appellants are made liable and are condemned to pay the whole amount of the plaintiffs’ claim, without allowing them any credit for the proceeds of the cot-[551] ton first attached. This is certainly incorrect, as the second garnishees were at all events entitled to a deduction or credit on the amount claimed, for the proceeds of the property which had been attached previous to their being made parties to the suit; the plaintiffs had no right to the double payment of a portion of their demand.
It is therefore ordered, adjudged and decreed, that the judgment of the district court, so far as it concerns the appellants, be annulled, avoided and reversed; and that this case be remanded to the lower court, to be proceeded upon according to law; the plaintiffs and appellees paying costs in this court.