EASTERN DIS.
*May*, 1841.

LEE & HARDY
*vs.*
PALMER ET AL.

LEE & HARDY *vs.* PALMER ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

A garnishee has no right to interfere with the merits of the case between the plaintiff and defendant.

When the plaintiff once obtains judgment against the defendant, all that is required is to obtain an order on the garnishees to pay over the funds of the defendant in their hands.

The initials of a name, or the name at length of a person, marked on bales of cotton, is strong evidence of ownership.

This is an attachment suit instituted the 25th of February, 1840, against the defendant, John E. Palmer, in which the plaintiffs claim a judgment on his note for $6833 43, with 8 per cent. per annum interest thereon, payable the 25th of

EASTERN DIS. March, 1839, at the branch of the Union Bank of Mississippi,
May, 1841. at Lexington.   They pray for attachments against property in
LEE & HARDY the hands of Ward, Moffitt & Co., in New Orleans, and S. S.
vs.
PALMER ET AL. Cobb & Co., who are also cited as garnishees.

Cobb & Co., answered they had no property or money of
the defendant, Palmer, in their possession or under their con-
trol at the time of the service of the attachment, but that they
had 89 bales of cotton marked " J. E. Palmer," shipped to
them by other persons and on other account.   Ward, Moffitt
& Co. answered that they had no property or money of
Palmer, so far as they knew ; but they had in their pos-
session 115 bales of cotton, marked " J. E. Palmer," which
was shipped to them from Mississippi, " by, for and on ac-
count of Elliott & Worley, Merchants," in that State.   They
say they do not know Palmer and are not aware that they have
any property of his in their possession.

On the 23d of April, 1840, Elliott & Worley intervened,
claiming the cotton in question with a privilege thereon.   The
plaintiffs opposed a general denial to the demand of the inter-
venors.

On these pleadings and issues the parties went to trial the
8th of June following.   The plaintiffs made out their case
against the defendant, and had judgment ; reserving the privi-
lege of the intervenors until the trial of the intervention.

On the 2d of July, 1840, the plaintiffs took out execution on
their judgment ; and levied it on the property attached in the
hands of the garnishees.   The return was made the 14th of
September, 1840.

On the 7th of December, 1840, the intervention came on for
trial, when after producing evidence on both sides, the counsel
for the intervenors discontinued the intervention.   On the 16th
of December, the plaintiffs took a rule on the garnishees, Ward,
Moffitt & Co. and S. S. Cobb & Co., to show cause within ten
days why they should not pay over the respective amounts in
their hands towards the satisfaction of plaintiff's judgment.

Ward, Moffitt & Co. failed to answer, and judgment was rendered making the rule absolute.

No property having been found or seized, the plaintiffs, on the 22d January, 1841, took another rule on Ward, Moffit & Co., to render an account of sales of the 115 bale sof cotton attached in their hands and pay over the proceeds. They answered and exhibited an account of sales of said cotton, received by them as consignees of Elliott & Worley, and denied that the defendant, Palmer, was the owner, or that said cotton was ever attached in their hands as his property; relying on their answers as garnishees, they pray to be dismissed.

On the 29th of January, Elliott & Worley renewed their intervention, alleging that the cotton in question " was delivered to them in consideration of the advance to him of certain monies by them." They pleaded a general denial; and denied specially that the plaintiffs' had any claim on the cotton or its proceeds whatever.

On the 15th of February, 1841, one day before the final decision on the rule, Elliott & Worley filed their affidavit, alleging that the testimony of certain witnesses in Mississippi was material to them, and that they could not safely go to trial without this testimony; applying at the same time for a commission. On the following day, on motion of the plaintiff's attorney, and " on showing that Ward, Moffitt & Co. had confessed in their answers that they have in their hands monies to the amount of $2733, belonging to defendant," judgment was rendered making the rule absolute and ordering them to pay over to the plaintiffs said sum of money. From this judgment they appealed.

*Wharton*, for the plaintiffs, insisted on the affirmance of the judgment.

*Chinn*, for the appellants, (Ward, Moffitt & Co.) made the following points:

1. The inferior court erred in rendering judgment for the plaintiffs.

2. Judgment should have been rendered for the defendants in the rule.

3. The defendants were not before the court, and the proceedings were *ex parte, coram non judice,* and void.

4. There was no evidence in the cause to authorize any judgment against the defendants.

5. The proceeding was, by motion of plaintiffs, without citation or notice to the defendants, and therefore erroneous.

6. The court erred in rendering judgment against Ward, Moffitt & Co., pending the opposition of Elliott & Worley, which should have at least been first disposed of.

*Garland, J.* delivered the opinion of the court.

This suit was commenced by attachment; the plaintiffs alleging the defendant is indebted to them in the sum of $6,833 43, with interest at eight per cent. from the maturity of the note.. S. S. Cobb & Co., and Ward, Moffitt & Co. were cited as garnishees. The sheriff in his return on the attachment, says, he has seized sufficient property in their hands belonging to the defendant, to satisfy the debt, but does not say what it is. In their answers to the interrogatories propounded by the plaintiffs, Ward, Moffitt & Co. say they have no knowledge of the defendant, and they have no property of his of any value, nor are they indebted to him, nor have they ever had any transaction with or knowledge of him. They further say, they have in their possession one hundred and fifteen bales of cotton, marked J. E. Palmer, which was shipped to them by and for and on account of Elliott & Worley, merchants of Mississippi, and they suppose the plaintiffs have been misled by the cotton of Elliott & Worley having the name of Palmer on the bales.

On the 23d of April, 1840, nearly two months after these answers were filed, Elliott & Worley intervened and claimed the cotton as their property. On the 8th of June following, the cause came on for trial, when there was a final judgment against the defendant for the full amount of the note, the rights

of the intervenors being reserved for future investigation. On this judgment an execution issued, on which the sheriff returned that he had again levied on all the rights of the defendant in the hands of the garnishees. Early in December last, the claim of the intervenors came on for trial, when R. Moffitt, one of the firm who had answered the interrogatories, was sworn as a witness, and then stated that both Elliott & Worley had told him they had not purchased the cotton of Palmer, but had only made advances on it, but how much, neither of them could tell, as they had no statement of the amounts about them. Worley said that the proceeds of the one hundred and fifteen bales of cotton in possession of witness's house, would about clear them, but Elliott came down sometime after and said the advances would take all the cotton both in the hands of witness and Cobb & Co. A good deal of testimony was taken on the trial, but the intervenors did not offer the slightest evidence they had purchased the cotton or advanced a dollar on it. It was proved they were forwarding merchants at Tchula, Mississippi, and the bill of lading is filed, in which it appears that this cotton was shipped with several other lots to the appellants, to be delivered on their paying freight at the rate of $1 75 per bale, and $70 20 for charges. On the margin of the bill is written, "all for account of Elliott & Worley." On this trial, a letter from the original defendant was received as evidence, in which he expresses surprise at his cotton being attached, and says Elliott & Worley have made an advance on it, but does not say how much. The trial terminated by the intervenors discontinuing their claim.

A few days after this dismissal, the plaintiffs took a rule on the garnishees to show cause within ten days, why they should not pay over to them all the monies in their hands, to be applied to the satisfaction of the judgment obtained by the plaintiffs against the defendant. To this rule, Ward, Moffitt & Co. made no answer, and it was made absolute on the 15th of January, 1841, and they were adjudged to pay "the plaintiffs the amount of money in their hands towards the satisfaction of

EASTERN DIS. the judgment obtained by plaintiffs against defendant." S. S.
May, 1841. Cobb & Co. were also decreed to pay over the amount in their
LEE & HARDY hands, with which judgment it is said, they have complied.
vs.
PALMER ET AL. Ward, Moffitt & Co. appear to have paid no attention to the judgment against them, whereupon, the plaintiffs, on the 22d of January, 1841, took another rule on them requiring them within three days to file a statement of the number of bales of cotton attached in their hands, as the property of the defendant, Palmer, or if they have sold said cotton, then a detailed account of the proceeds. For answer to this rule, they exhibit an account of sales of the cotton amounting to $2,733 91, which they say they received as consignees of Elliott & Worley. They deny that Palmer is the owner of the cotton, they deny it was attached in their hands as his property, and relying upon their previous answers to interrogatories, they pray to be dismissed. On the 29th of January, 1841, three days after the filing of this answer, Elliott & Worley again intervened in the case, not claiming the cotton as their property but alleging they had made advances on it, and have a higher privilege on the proceeds than the attaching creditor. They are not yet able to state the amount of their advances, but say they are over $6000, and they have lost the receipt given for the amount, but hope to find it at some future day. They speak of an affidavit as to the verity of their allegations, the giving of a bond and praying for an injunction, but they never have made the affidavit, filed the bond or obtained the injunction, and their petition of intervention stood over without any effort on their part to obtain evidence to sustain it, until the day previous to the trial of the issue between the plaintiff and garnishees; when one of the intervenors made an affidavit that he had material and important witnesses residing in Mississippi, without whose testimony he could not go to trial, yet he does not name any person or say what he expects to prove by them, and there his efforts seem to have ended. On the 16th of February the case was tried, and the District Judge gave judgment for the plaintiffs, from which the garnishees appealed.

In this court their counsel has made numerous points to obtain a reversal of the judgment.

EASTERN DIS.
*May*, 1841.

His two first grounds, that the inferior court erred in giving judgment in favor of the plaintiffs and against the defendant, is answered by a reference to the well settled decisions of this court, that a garnishee has no right to interfere with the merits of the case, between plaintiff and defendant; 10 Martin's Rep. 568.

LEE & HARDY
*vs.*
PALMER ET AL.

A garnishee has no right to interfere with the merits of the case between the plaintiff and defendant.

Upon the third and fifth points, which allege that the proceedings against them are *ex parte*, upon the mere motion of the plaintiffs, without citation or notice, and therefore null and void; we have to remark, in relation to the first rule, the sheriff says in his return, that he served it on J. W. Ward, one of the firm of Ward, Moffitt & Co. they did not choose to appear; as to the second, we do not find any citation, but the parties appeared and answered it, without objecting to a want of notice in the form of proceeding. On that rule, a trial took place, and the appellants were condemned to pay the money. We see no error in the proceedings of the court. The plaintiffs had a judgment against their original debtor; he did not complain of it, and all that was necessary, was to obtain a judgment or order to direct and authorize the garnishees to pay over whatever they had in their hands.

When the plaintiff once obtains judgment against the defendant, all that is required is to obtain an order on the garnishees to pay over the funds of the defendant in their hands.

The fourth point is, there was no sufficient evidence to authorize a judgment against the appellants. It is difficult to conceive what better evidence could be obtained. It was held in the case of Robinson et al. vs. Taylor et al., 6 La. Rep. 397, that the initials of the name of a party being on bales of cotton, was a circumstance, having weight in a question of ownership. If that be correct, and we think it is, the fact of a man's name at full length on the bales is a circumstance entitled to much more weight. The claim of the intervenors alleging a right of property, had been dismissed, principally on the evidence of Moffitt, and no right could be shown although the claimants had nearly eight months to procure the testimony, which if it exists must be in their section of the

The initials of a name, or the name at length of a person marked on bales of cotton, is strong evidence of ownership.

country. The appellants knew the intervenors had no right of property to the cotton, but only a claim of privilege, of which not the least evidence has been produced. The counsel contends we cannot look into the evidence of Moffitt given on a former trial to charge him in this. He does not appear to have objected to its use in the inferior court, nor has he shown us any law commanding us to close our eyes upon those admissions made under oath.

The last ground is, that the court erred in giving judgment against the garnishees whilst the intervention was pending. Tho Code of Practice, art. 389, informs us that an intervention is permissive, and it must not retard the trial of the principal cause. The intervenors must be always ready to plead and exhibit their testimony; art. 391. In this case, we do not find the intervenors endeavoring to delay the trial, or complaining of the judgment rendered against the garnishees; but they (the garnishees) manifest a most lively sensibility for these third parties, and endeavor to interpose them to avoid the payment of a sum of money that they do not pretend belongs to them, and which they have had more than a year without interest.

We have noticed in a number of the attachment cases that have come before us, that much of the litigation is to be traced to the garnishees; for what purpose, is not difficult to discover. We think it time to let it be known, that these manœuvres have not escaped our observation, and we shall, as far as our powers go, use them to repress such practices.

The judgment of the District Court is therefore affirmed with costs, and ten per cent. damages.