WARREN P. ANDERSON *v.* MARK VALENTINE.—G. BELCHER, Intervenor.

In a suit by attachment, the garnishee in his answers having acknowledged himself indebted to the defendant in the amount of sundry notes and judgments, which were not seized, being in the State of Mississippi, the plaintiff, instead of having judgment entered up against the garnishee for the amount claimed in his petition, obtained judgment against the defendant *with privilege* on the property attached, and under a writ of *fieri facias,* caused the right, title and interest of the defendant in the notes and judgments to be seized and sold—*Held:* That the sale was null for want of an actual seizure, by the Sheriff, of the notes and judgments.

A certificate of division of opinion of the Judges in the Circuit Court of the United States, accompanied by a statement of facts to serve as the basis for an appeal to the Supreme Court of the United States, is not a final judgment which will support the plea of *res judicata.*

APPEAL from the District Court of the Parish of Carroll, *Farrar,* J.
A. Snyder, for plaintiff.    *Short & Parham* and *Sparrow & Montgomery,* for defendant.   *R. G. Harper,* for intervenor, appellant.

BUCHANAN, J.   The defendant, *Mark Valentine,* being indebted for principal and interest, by notes and judgments, to the Commercial and Railroad Bank of Vicksburg, a corporation of the State of Mississippi, in a sum exceeding one hundred thousand dollars, was garnished by service of citation and interrogatories, under a writ of attachment sued out against the said bank, by *Galtitzin Belcher,* a creditor of the bank, in the District Court of the parish of Jefferson, in this State.

*Valentine* answered the interrogatories, acknowledging indebtedness to the bank in a larger sum than that claimed by *Belcher* as due him by the bank. The notes and judgments were not seized, being in Mississippi, in the possession of the bank, where they have always remained.  The Railroad Bank was represented by a curator *ad hoc* appointed by the court, in the attachment suit.  Judgment was entered up in that suit against the bank, in favor of *Belcher,* for the amount claimed, ($1400 with interest,) *with privilege on the property attached.*  A *fieri facias* was issued upon said judgment, under which the Sheriff seized all the right, title and interest of the Railroad Bank in the several notes and judgments held by it against *Mark Valentine,* as detailed in the answers of said *Valentine* to interrogatories.  The same was adjudicated to *Galtitzin Belcher* for the sum of twenty dollars, at twelve months credit.

After these proceedings, the Railroad Bank made an assignment to *Warren P. Anderson,* of their claims by notes and judgments aforesaid against *Mark Valentine,* who settled the same with *Anderson,* by paying thirty thousand dollars in the notes of the bank, and by giving his own notes for the balance, at the rate of fifteen cents on the dollar, payable to the order of *Anderson,* at one, two, and three years, with interest from date.

The present suit is brought upon the two first of those notes, and *Galtitzin Belcher* having intervened, claiming to be the owner and holder of the claims of the Railroad Bank against *Valentine,* assigned to *Anderson,* the only question submitted to our consideration is, the validity of *Belcher's* title under the adjudication at Sheriff's sale above mentioned.

The garnishment process under writs of attachment, is regulated by the Articles 248 and the following to 264 inclusive, of the Code of Practice.  Those Articles authorize the plaintiff in attachment to propound interrogatories to any

ANDERSON
v.
VALENTINE

debtor of the defendant, touching his indebtedness; and, on his confessing such indebtedness to an amount equal to that claimed by the plaintiff in attachment, (as was done in the case in the District Court of Jefferson, by *Valentine*, made garnishee in that case,) to have judgment entered up against the garnishee for the amount claimed by plaintiff in attachment, with interest and costs.   12 Martin 32; 16 La. 523; 17 La. 547; 18 La. 405; 10 Rob. 136; 2 An. 565.

But in the attachment suit of *Belcher* v. *The Commercial Railroad Bank*, no judgment was entered up against the garnishee at all.   The judgment was incorrectly entered up, *with privilege on the property attached;* whereas no property had been attached under the writ.   To make a valid seizure of tangible property, the thing must be taken into the actual possession of the Sheriff.   *Goubrau* v. *Nashville Railroad*, 6 Rob. 345; *Simpson* v. *Allain*, 7 Rob. 500; see also 2 An. 338, 785 and 910; 3 An. 390 and 186; 4 An. 369 and 187; 14 La. 449 and 514.

The sale, by the Sheriff, of the right, title and interest of the bank in the notes of *Valentine* held by it, was equivalent to a sale of those notes themselves, and was null for want of an actual seizure of the notes.   *Gaines* v. *Merchants' Bank*, 4 An. 369.

The case of *Brau* v. *The Union Bank of Mississippi*, quoted by the counsel for intervenor, contains nothing inconsistent with the doctrines here enounced.   The language of the court in that case was as follows:

" It is contended by the counsel for the garnishees, that their indebtedness cannot be attached, as the bills of exchange, on which they are liable, are not in the State, and our attachment laws never contemplated the seizure of such rights. We cannot give our assent to this doctrine.   If it be true, those laws would in many cases be inoperative.   It is upon the debtors of non-residents that the attachment laws are especially to operate; and if it were necessary to seize the evidence of the debt, there would be very few cases in which an attachment would lie.   *There is, in this respect, a wide difference between an attachment, and a seizure under execution.*   An indebtedness to a non-resident by a resident, whether by note, acceptance, endorsement, or other mode, may be brought under the operation of our attachment laws, by garnishment, at the instance of a creditor of the non-resident creditor; and no serious evil can result from it, as a judgment against, and payment by the garnishee, will protect him from any demand on the part of his non-resident creditor."

In strict conformity to those principles, we hold that the attachment of *Valentine's* indebtedness to the Railroad Bank of Vicksburg, and the garnishment process thereupon, were perfectly regular.   But that the irregularity commenced with the judgment, which made no mention of the garnishee; and was continued by the *sale under execution* of notes which had never been in the Sheriff's possession.

We are clear that the proceedings in chancery in the Circuit Court of the United States in Mississippi, do not constitute *res judicata* in favor of intervenor, in relation to the validity of the Sheriff's sale in Louisiana.   There was no decree in that case upon the issue before the court; consequently, nothing was decided.   A certificate of division of opinion of the Circuit Judges, accompanied by a statement of facts, to serve as the basis for an appeal to the Supreme Court of the United States, is not a final judgment.

It is, therefore, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

VOORHIES, J., absent.