GULOTTA, Judge.
Garnishee, Glenn D. Rogers, appeals from an adverse money judgment in favor of plaintiff. We affirm.
The attack by garnishee on the validity of the garnishment proceedings and the judgment rendered against him is three-fold.
First, Rogers claims the rule to show cause filed against the garnishee for the amount of the unpaid judgment requires personal service. Personal service of the supplemental petition and interrogatories was made on the garnishee. However, domiciliary service of the rule was made on garnishee’s wife.
Second, relying on LSA-C.C.P. art. 1155,[1] the garnishee contends that the supplemental petition in the garnishment proceeding requires “ruling the garnishee into court.” Although not clear, garnishee apparently claims that the supplemental petition and interrogatories- must be accompanied by a rule to show cause why the petition and interrogatories should not be answered.
Third, garnishee claims LSA-C.C.P. art. 2411[2], requires that garnishee not only be served with a copy of the supplemental petition and the interrogatories but also with a copy of the original petition filed against the defendant in the matter. Because the original petition was not attached to the supplemental petition and interrogatories in the garnishment proceedings, garnishee claims the garnishment is fatal and plaintiff is not entitled to judgment.
We find no merit to these contentions. Considering garnishee’s arguments in the order in which they are presented, we reject the first argument that personal service is required of the rule to show cause against the garnishee for the amount of the unpaid judgment. LSA-C.C.P. art. 2412 requires personal service of the supplemental petition and interrogatories where the garnishee is an individual. No mention is made in LSA-C.C.P. art. 2413 of the type of service required of the rule filed against the garnishee.
As pointed out by plaintiff, the Court stated in Barnett Home Appliance Corporation v. Guidry, 224 So.2d 134 (La.App. 3rd Cir., 1969), that the contradictory motion referred to in LSA-C.C.P. art. 2413 is in the nature of a summary proceeding. However, LSA-C.C.P. art. 2594, relating to summary proceedings, merely states that the rule to show cause “shall be served upon defendant.” Furthermore, the rules governing ordinary proceedings are applicable to summary proceedings. LSA-C.C.P. art. 2596. In ordinary proceedings, service of citation or other process may be either per *1354 sonal or domiciliary “except as otherwise provided by law.” LSA-C.C.P. art. 1231. Because LSA-C.C.P. art. 2413 is silent as to the type of service required of the rule to show cause in the garnishment proceedings, we conclude personal service is not required and proper domiciliary service is sufficient.
 We reject also the remaining procedural arguments raised by garnishee, i. e., that the supplemental petition and interrogatories must be accompanied by a rule to show cause and that the original petition should have been attached to the supplemental petition and interrogatories. Nowhere in LSA-C.C.P. art. 2411, et seq., or in any of the Code of Civil Procedure Articles relating to garnishment are there any requirements as suggested by garnishee in his arguments.
It is true, as pointed out by garnishee, that in Lovell v. Cartwright, 17 La. 547 (1841) the court, in applying the garnishment articles 246 through 252 of the Old Code of Practice, concluded that a copy of the original petition must be attached to the supplemental petition and interrogatories and served on the garnishee. However, the Code of Practice articles relied on by the Lovell Court were superceded by LSA-C.C.P. arts. 2411 and 2412. The requirements of the Code of Practice articles as interpreted by the Lovell Court were eliminated in the New Code of Civil Procedure. Furthermore, unlike the supplemental petition in Lovell, the supplemental petition and interrogatories in our case inform the garnishee of the judgment rendered against the defendant and the amount of that judgment.
The circumstances considered, we conclude the garnishment proceedings are in conformity with LSA-C.C.P. arts. 2411 and 2412. The judgment is affirmed.

AFFIRMED.

. LSA-C.C.P. Art. 1155 reads as follows:
Art. 1155. Supplemental pleadings.
“The court, on motion of a party, upon reasonable notice and upon such terms as are just, may permit mover to file a supplemental petition or answer setting forth items of damage, causes of action or defenses which have become exigible since the date of filing the original petition or answer, and which are related to or connected with the causes of action or defenses asserted therein.”

. LSA-C.C.P. Art. 2411 reads as follows:
Art. 2411. Garnishee; effect of service.
“The judgment creditor, by petition and after the issuance of a writ of fieri facias, may cause a third person to be cited as a garnishee to declare under oath what property he has in his possession or under his control belonging to the judgment debtor and in what amount he is indebted to him, even though the debt may not be due. He may require the third person to answer categorically and under oath the interrogatories annexed to the petition within the delay provided by Article 2412.”