KLIEBERT, Judge,
dissenting.
The garnishee, Rogers, had filed a motion for a new trial on the grounds “Glenn D. Rogers was not served and never received a copy of the rule for judgment against the garnishee.” The motion for the new trial was denied by the trial court and his denial affirmed by this court. Security Insurance Company of Hartford v. Russell Holliday, Sr., 367 So.2d 1352 (4th Cir. 1979).
Thereafter, the garnishee filed a motion for nullity of the judgment alleging grounds as follows:
“1. As appears from the citation and return of the Sheriff for the Parish of *855 Jefferson of the interrogatories in the above proceedings dated January 13, 1977, the said citation was made by means of personal service on your petitioner at 1605 Fairway, Kenner, Louisiana.
2. Petitioner avers that he has never been served interrogatories in this matter and if they were in fact served at 1605 Fairway, they were served on someone other than petitioner.
3. Petitioner shows that he at no time received actual notice of the garnishment proceedings nor was he at any time legally cited therein, and that, therefore, this honorable court was without jurisdiction rationae personae to render judgment herein.
4. Petitioner shows that the judgment against him was obtained through ill practices, fraud, and/or misrepresentation in that:
a. The record shows that the same law firm represented the plaintiff and the defendant in the original action.
b. The record further shows that the judgment against the original defendant was granted at a pretrial conference whereat both parties were represented by the same law firm.
c. The original plaintiff and/or their representative knew that the original defendant was not employed by your petitioner in January 1977 but was in fact employed by Craft Motor Company.
d. Again on March 25, 1977 when the court was informed that the original defendant was employed by your petitioner and that your petitioner had received personal service, both original plaintiff and/or their representative was well aware that original defendant was not in the employment of your petitioner.”
The trial judge maintained an exception of no cause of action but gave garnishee the “right to amend the petition insofar as it alleged ill practice, fraud, and/or misrepresentation.” Paragraph Four of the petition was amended to read as follows:
“4. Petitioner show that the judgment against him was obtained through ill practices, fraud, and/or misrepresentation, which became known to him since April 25, 1978, in that;
a. The record shows that the same law firm represented the plaintiff and the defendant in the original action.
b. The record further shows that the judgment against the original defendant was granted at a pretrial conference whereat both parties were represented by the same law firm.
c. The original plaintiff and/or their representative knew that the original defendant was not employed by your petitioner in January 1977 but was in fact employed by Craft Motor Company.
d. Again on March 25, 1977, when the court was informed that the original defendant was employed by your petitioner and that your petitioner had received personal service, both original plaintiff and/or their representative was well aware that original defendant was not in the employment of your petitioner.”
At the commencement of the hearing on the motion for nullity of the judgment, the trial judge said:
“In order that we don’t take a lot of time with objections and so forth and so on, Mr. Ethridge in accordance with the previous rulings of the Court in connection with this matter, any witness or any evidence you want to take concerning the service in this matter should be brought on, brought about as a result of the proffer which will be treated as a proffer and sealed, transcribed and sealed. So when he is talking about service, it won’t be necessary for you to object, Mr. Morrison. The Court is going to treat that as a proffer from the outset.”
Clearly the trial court sought to limit the introduction of evidence on the motion to annul so that supporting the allegations of paragraph 4 of the motion because of his previous ruling on the exception of no cause of action that the allegations as to lack of *856 service of the original garnishment petition and the interrogatories had already been ruled on by the appellate court and hence could not serve as the basis for annullment of the judgment.
As a result of the trial judge’s preliminary rulings, the hearing on the action of nullity was for the purpose of taking evidence on the alleged “fraud and ill practices”. The essence of the majority opinion, however, is to hold that the trial court did not have jurisdiction rationae personae over the garnishee Rogers; therefore, any judgment rendered against him was null from its inception. Such a holding ignores the situation involved here.
Although the original petition and interrogatories as now contended by the garnishee may have been secreted by the original debtor (Holliday), the contradictory rule to show cause why judgment should not be rendered against the garnishee (Rogers) was served on Rogers' wife at their home in Metairie. The record also reflects that an attempt was made to serve a previous rule on the garnishee at his office, but was returned to the Sheriff’s office with the notation “no longer lives at this address”. As was held in this very case, domiciliary service of the rule on the garnishee’s wife was proper. Thus, the trial court did have jurisdiction rationae personae over the garnishee (Rogers) by virtue of the domiciliary service. Had he responded to the rule at that point and proven the present contention that the original garnishee secreted the petition and interrogatories, judgment would not have been rendered against him. In my view, therefore, the trial court did have jurisdiction rationae personae over the garnishee at the time judgment was rendered.
Further, it is inconceivable to me that the garnishee knew nothing of the garnishment proceeding until he was served with a copy of the judgment against him in April, 1978. From a review of this record, it seems to me the proper conclusion to draw is that the garnishee was aware of the garnishment proceeding from its inception and for reasons known only to him, elected to ignore them until such time as a personal judgment was rendered against him. Therefore, even if he were able to show fraud or ill practice (in my view this record does not show that he proved fraud or ill practice) his motion for nullity should be dismissed because it came too late. CCP Article 2004.
Although I fully recognize that my views would cause hard results, I believe for a free society such as ours to survive, the laws which govern its everyday affairs must be applied with consistency and finality. Here, pursuant to the clear requirements of CCP Article 2413, the trial judge rendered judgment in favor of the original creditor and against the garnishee. The garnishee applied for a rehearing on the basis of insufficient service. In this motion, he does not spell out the contentions he here makes relative to the secreting of the petition and interrogatories by the original debtor. The trial judge refused to grant the rehearing. On appeal, this court first refused to dismiss the appeal and on the merits upheld the trial judge’s ruling denying the rehearing. An application for writs was (ienied by the Supreme Court.
Then the garnishee starts all over again in the trial court. He files a motion to annul the judgment, and for the first time alleges the original petition and interrogatories were served on someone other than himself. This is dismissed on an exception of no cause of action. The garnishee is then given an opportunity to amend the motion to specify the fraud and ill practice complained of and the date on which he became aware of the alleged fraud and ill practice. Thereafter, notwithstanding the trial judge’s ruling that he would only admit evidence on the fraud and ill practice, at the conclusion of the hearing he points to the evidence originally entered on a proffer as the basis for annulling the judgment. In my view, this does not constitute applying the law with consistency and finality. If in fact we believe an injustice was done, then we, sitting as a court of equity as well as a court of law, should declare the injustice and change the result rather than “bending” the law to achieve a desired result. *857 Although dismissal of the motion for nullity would result in harsh consequences, these consequences are caused by the lack of action on the part of the garnishee. For that reason, I respectfully dissent from the majority opinion.