No. 3096.—FRANCOIS POCHE *v.* SOSTHENE THERIOT, Sheriff, etc. and PIERRE LAICHE.

Buildings or other improvements, placed upon and attached to the land by a third party, belong to the owner of the soil, C. C. 499; and when constructions have been made by a third person on the lands of another, with his own materials, the owner of the soil has the right to keep them on reimbursement of the value of materials and price of workmanship. C. C. 500. Therefore the sale by the sheriff, under execution, of a house built by a third person on the land of another, at the expense of the owner of the soil, is null and void, and the owner of the soil has the right by injunction to prohibit the purchaser at sheriff's sale from removing the house.

In such a case, the owner of the house is entitled to damages for the illegal seizure and sale of his property.

APPEAL from the Fourth District Court, parish of St. James. *Beauvais,* J. *Charles Louque,* for plaintiff and appellant. *Legendre & Poché,* for defendants and appellees.

HOWE, J. The plaintiff instituted this action to enjoin the defendants from disturbing him in the possession of a house, alleged to be his property and situate on his plantation, and to recover damages for its wrongful seizure and sale.

The defendant, Laiché, admitted that the defendant, Theriot, as sheriff, seized and sold the house in dispute in virtue of a writ of *fieri facias,* issued in the suit of Laiché *v.* Poché, Jr., the son of plaintiff;

18

denied that the building was, or ever had been, the property of the plaintiff, and averred that it was built on plaintiff's land by the said son, and was his property, and lawfully sold as such, and claimed $200 damages in reconvention for the use of the same since the injunction. The sheriff justified his seizure and sale by similar averments. There was judgment for defendants dissolving the injunction, recognizing the defendant, Laiché, as owner of the building by purchase at the sheriff's sale, and dismissing the reconventional demand; and the plaintiff appealed.

It was admitted on the trial that the land on which the building was erected belonged to plaintiff; and the latter testified in regard to the matter as follows:'

"The materials were furnished by me, but my son was employed in the construction of the house. I had the house built for my son's use, but the house belongs to me. My son paid the carpenter $200, and I returned the money to him. I never retained the amount of $200 from my son when I settled with him for the amount due him as my minor child. He borrowed the $200 from Mr. Trepagnier and I gave my son the $200 for the purpose of reimbursing Mr. Trepagnier, to whom he had given his note. I furnished the bricks; I furnished the lumber also. I paid for the lime and everything else. I had my slaves working on the house when necessary."

In addition to this, we have the presumption established by art. 498 C. C., that all constructions made on the soil are done by the owner and at his expense and belong to him, unless the contrary be proved; and the further provisions that if the owner of the soil has made constructions with materials that did not belong to him, he has a right to keep the same on condition of reimbursing their value to the owner of such materials, C. C., 499; and that when constructions have been made by a third person and with such person's materials, the owner of the soil has a right to keep them upon reimbursement of the value of materials and price of workmanship. C. C. 500. See also Inst. De Rerum Divisione, 2, 1, 29 and 30; C. N. 552, 555; Pothier, Du Droit de Propriété, 170, 178.

The plaintiff's case is included in these provisions, and we are satisfied that the house belongs to him. The testimony for the defense is not inconsistent with this conclusion nor with the statements of plaintiff on the witness stand. The evidence, as a whole, goes to show that the building was erected to be occupied by the son with his family but on the land of the father, by the labor in part of his servants and with materials either belonging to him or afterwards paid for by him.

The defendants urge that the plaintiff can not be heard to say that the house is his, because he stood by and allowed it to be sold without objection. The record, however, does not seem to sustain this view.

It does not appear as matter of fact that the plaintiff did stand by and allow the sale to go on without objection. The injunction was obtained when the defendant Laiché was about to remove the building from plaintiff's land, after having bid it in under his judgment against Poché, Jr. The father may have been absent at the time of sale. It is not shown that he was present. The acquiescence which would prevent a party from claiming his immovable property, ought to be very clearly shown.

We think the judgment should be reversed, and that the plaintiff should recover damages which we fix at $100.

It is therefore ordered that the judgment appealed from be reversed; that the injunction be perpetuated; and that the plaintiff have judgment against defendants *in solido* for one hundred dollars, with costs of both courts.