Where parties to partition suit admit interest claimed by each other, there can be no defense to actual partitioning of land, in view of Rev. Civ. Code, art. 1289, and only controversy is how partition should be effected.

**2. Partition ⚷77(3)—Partition "in kind," though favored in law, is not obligatory (Rev. Civ. Code, arts. 1337, 1339, 1340).**

Partition "in kind" is not obligatory when property cannot be conveniently divided, in view of Rev. Civ. Code, art. 1339, though law favors such partition, in view of article 1337, and it cannot be conveniently divided when diminution of value, or loss or inconvenience to owners, would result, by express provision of article 1340.

**3. Partition ⚷77(3).**

Partition of land, which cannot be divided into parcels of equal value, must be effected by licitation, notwithstanding it could be divided into parcels of equal area.

**4. Partition ⚷77(1)—Judge directing partition should regulate mode of effecting it in manner which appears most advantageous to general interest of co-owners (Rev. Civ. Code, art. 1336).**

Though it is within province of judge directing partition to regulate mode of effecting it, he should do it in manner which appears most advantageous to general interest of co-owners, in view of Rev. Civ. Code, art. 1336.

**5. Partition ⚷102—Where land to be partitioned was divided by road into two nearly equal tracts with varying frontage on road, they should be sold separately.**

Where land to be partitioned was divided by road into tracts of nearly equal acreage, one of which was rectangular with short road frontage, and the other triangular with long road frontage, the two tracts should be sold separately.

**6. Partition ⚷102.**

Where two tracts of land to be partitioned are sold separately, they should be separately surveyed.

**7. Partition ⚷85—One owning land in common with two others, who with their consent erected improvements thereon, held entitled, in partition proceeding, to value of such improvements or enhanced value of soil.**

One owning land in common with two others, who with their consent erected improvements thereon, cannot be compelled to remove such improvements, and in partition proceeding is entitled to their value or enhanced value of soil, since she was not trespasser or possessor in bad faith when she erected them.

Appeal from Twenty-Second Judicial District Court, Parish of East Baton Rouge; William Carruth Jones, Judge.

Suit for partition by Alex. Grouchy, Jr., against Bessie Vaughn Williams and others. From the judgment, defendants appeal. Amended and affirmed.

Shelby Taylor, of Baton Rouge, for appellants.

Bouanchaud, Kearney & Bouanchaud, of Baton Rouge, for appellee.

ST. PAUL, J. This is a suit for a partition. Plaintiff, together with the above-named defendant and one W. A. Benton, own in common certain lands situated on the Jefferson Highway, about 5 miles south of the city of Baton Rouge.

## I.

We annex a sketch of the lands, which, though not drawn to scale and not absolutely accurate, is yet sufficiently so for the purposes of this case. In the petition the lands are described as *a single tract,* which would give it somewhat the shape of a fireman's axe, having the blade or head to the west of the highway and the helve or handle to the east thereof; the highway severing the head from the handle flush with the eye.

In other words, that part of the land lying west of the highway is (almost) triangular in shape, having a frontage of approximately 1,800 feet on the highway and measuring approximately 1,450 feet along its

base line to the south (running perpendicular to the highway), and about 2,200 feet on its western boundary, running (almost) due *north, to a point.* And that part of the land lying east of the highway is (almost) rectangular in shape, forming a parallelogram, having a frontage of approximately 400 feet on the highway, by a depth (perpendicular to the highway) of approximately 2,300 feet to "Ward's creek" in the rear (on the east).

II.

[1] Plaintiff claims an undivided half interest in the lands, and each of the defendants an undivided one-fourth interest therein. As each party admits the interest so claimed by the other parties, it follows that there is (and can be) no defense to the actual partitioning of the land R. C. C. art. 1289. The only controversy is as to *how* the *partition* shall be effected. Bessie Williams insists upon a partition "in kind"; i. e., by division and apportionment of the land. Plaintiff and Benton insist upon a partition "by licitation"; i. e., by a sale of the lands and division of the proceeds.

III.

[2] In *theory* the law of this state favors a partition "in kind." R. C. C. art. 1337. But this is not obligatory "when it [the property] cannot be *conveniently* divided [in kind]." R. C. C. art. 1339. And "it is said that a thing cannot be *conveniently* divided, when a diminution of its value, or loss or inconvenience of [to] one of the owners, would be the consequence of dividing it." R. C. C. art. 1340.

IV.

[3] A mere glance at the sketch annexed will show that it would be a very simple problem in geometry to divide the land into four parcels of equal, or nearly equal, *area;* of which two parcels might be allotted to plaintiff and one parcel to each of the defendants. But it is equally manifest (because of the difference in shape, and in frontage on the highway, between that part of the land on the west of the highway and that part thereof on the east), that it would be quite another matter to divide the land into four parcels of equal *value.* And the evidence (if any were needed) is conclusive that this cannot be done without great difficulty, if indeed it can be done at all, and that any attempt to divide the land into parcels of (supposed) equal value would detract greatly from its value as a whole. Our conclusion is (as was that of the trial judge) that the land cannot be equitably divided in kind, and that the partition must be effected by licitation.

V.

[4] It is, however, within the province of the judge who directs the partition to regulate the mode of effecting it; but this he should do in the manner which appears most advantageous for the *general interest* of the co-owners. R. C. C. art. 1336.

[5, 6] And a further glance at the sketch, and due attention given to the lay of the land as given above, will show that the land is

divided by the highway into *two separate tracts*, each entirely independent of the other, and having no more connection with or relation to each other than two parcels of ground lying on opposite sides of a city street.

Hence there is no reason whatever why these two separate and independent tracts of land should be sold as one. On the contrary, the two tracts may, and doubtless will, appeal differently to the various purchasers who may wish to bid thereon; what may appear attractive to one purchaser may not seem at all so to another, and one who may be willing to give a good price for one of the tracts may not want it at all, or be able to buy it, if he be compelled to take the other also (which he may not want at any price). But a party to whom both tracts appeal may of course bid on both of them.

It is therefore our conclusion that the two tracts should be sold separately. This, of course, requires that they should be separately surveyed, which has not been done in this case.

VI.

[7] The defendant Bessie Williams has erected certain improvements on that part of the land east of the highway (the rectangular portion), shown to be worth about $3,000. As part owner she had a right, with the consent of her co-owners, to put improvements on the land, and she was not a trespasser or "possessor in bad faith" when she did so. She cannot therefore be compelled to remove them, as they have become part of the immovable, and she is entitled [either to their value, or] to the enhanced value of the soil. Poche v. Theriot, 23 La. Ann. 137; R. C. C. art. 508, par. 4.

VII.

The trial judge ordered the property sold as one tract. This we think was error, for the reasons set forth above. He also ordered the property sold, *"less the improvements belonging to the said defendant Bessie Vaughn Williams,"* meaning *without* said improvements. This was *equivalent* to ordering the *removal* of said improvements, unless said Bessie Williams should herself become the purchaser of the land on which they stand. This also was error, for the reasons above stated. In these particulars the judgment must be amended.

Decree.

The judgment appealed from is therefore affirmed in so far as it recognizes plaintiff, Alexander Grouchy, Jr., as owner of an undivided half, and the defendants Bessie Vaughn Williams and William A. Benton, as owners of an undivided fourth *each*, of the property to be partitioned, and in so far as it directs that the property be sold by the sheriff of East Baton Rouge at public auction after due advertisement according to law to the highest bidder, payable cash, also in so far as it refers the parties to S. J. Gottlieb, notary public, to complete the partition, and in so far as it rejects plaintiff's demand for attorneys' fees and directs that all the costs of the proceedings be paid out of the mass.

It is further ordered that said judgment be otherwise amended so as to provide as follows, to wit: (1) That said land be sold as two separate tracts, one tract on the west side of the Jefferson Highway, triangular in shape (more or less), and one tract on the east side of the Jefferson Highway, rectangular in shape (more or less)—all after having been duly and separately surveyed by a surveyor to be appointed by the trial judge, and after having been duly and separately appraised by experts to be appointed by the trial judge. (2) That as to the tract on the east side of the highway the land and improvements be separately appraised. (3) That the proceeds of the tract on the west side of the highway be distributed one-half to plaintiff and one-fourth to each defendant. (4) That the tract on the east side of the high-

way be sold with the improvements thereon, and the proceeds distributed as follows: (a) To Bessie Vaughn Williams, that proportion of the proceeds thereof which the appraised value of the improvements bears to the total appraised value of land *and* improvements; and (b) the balance of said proceeds to be distributed, one-half to plaintiff and one-fourth to each of the defendants. And (5) that the costs and charges of all proceedings be paid out of the mass by charging against each party such proportion of said costs and charges as his or her gross share in the proceeds bears to whole gross proceeds.

And as thus amended, the judgment is affirmed.