## LOVELL v. DICK et al.

### No. 1926.

Court of Appeal of Louisiana.
First Circuit.

Jan. 11, 1939.

Harris Gagne, of Houma, for appellants.

Howell & Deramee, of Thibodaux, for appellee.

DORE, Judge.

The suit is for a partition of a tract of land owned by plaintiff and the three defendants in the proportion of an undivided one-fourth each. The land is described as Lots 82, 83 and 84 of the Hedgeford Plantation, on the left bank of Bayou Blue in the Parish of Lafourche, measuring three arpents front on said bayou by a depth of approximately six arpents, less and except two lots previously donated, with a frontage of 123 feet each on the bayou by a depth of 274 feet. The only controversy is with reference to the manner in which the partition shall be effected. Plaintiff insists upon a partition by licitation; defendants insist upon a partition in kind. The defendants have taken an appeal from a judgment ordering the partition by licitation; i. e., by a sale of the land and a division of the proceeds.

Three witnesses, including the plaintiff, testified that the property cannot be divided in kind without loss and diminution of its value, and one witness testified that a partition could be made in kind without any loss or inconvenience. The property is useful only for cultivation; however, in the answer of one of the defendants the allegation is made that the property is valuable for mineral rights, but there is not one word of evidence in the record to support this allegation. We must therefore consider the land as useful only for farming purposes, and without any buildings on it. It appears that the land is located in a section occupied principally by negroes engaged mostly in small farming operations.

The tract fronts on Bayou Blue for a distance of about 576 feet and it appears that the land in this section of the country is divided or purchased with a frontage on this bayou as a means of ingress and egress to the several tracts along the bayou. This being the case, it is reasonable to assume that in dividing this tract a frontage on this bayou should be given to each tract if they are to have anything like equal value and equal accessibility. Measuring from the upper part of the tract on the front, there is a distance of only 103 feet to the boundary of one of the excepted lots carved out of

the tract. These two excepted lots then take up a total frontage of 246 feet, leaving on the other side of the tract a frontage of 227 feet. The two excepted lots run back a depth of 274 feet.

It is thus obvious that if the remainder of the frontage of the tract is to be divided into four parts, they cannot be of equal size. If the frontage of 103 feet on the upper part is divided into four parts, it would leave each co-owner with less than 26 feet front which would be insufficient for ordinary purposes; and, on the lower side, a division of the remaining 227 feet into four strips would give each less than 57 feet front, which also would hardly be sufficient for farming purposes, or the building of a residence with necessary out-houses convenient for a farm.

The division could be made only in one of two other ways; by allotting to one tract the entire 103 feet front on the upper part and by dividing the remaining 227 feet front on the lower side into three other tracts with a proportionate increase of area in the back to off-set the loss in frontage, or by allotting to one or more tracts no frontage but a greater area in the rear. The former method would still leave insufficient frontage on the three lower tracts, and the latter method would doubtless prove inconvenient as one or more tracts would have no frontage at all.

The witness for defendants admits the difficulty which might follow an attempt to divide the frontage, which he thinks could only be obviated by one of the parties who owns one of the excepted lots accepting a smaller frontage. But a partition in kind cannot be made on the assumption that some of the co-owners will accept a certain tract to equalize the partition.

It is true that the law favors a division in kind, but where the property cannot be conveniently divided in kind the judge is required to order the property sold to effect a partition. C.C. art. 1339. A thing cannot be conveniently divided when a diminution of its value, or loss or inconvenience to one of the co-owners will result. C.C. art. 1340. Partition of land, which cannot be divided into parcels of equal value, must be effected by licitation, even though the land could be divided into parcels of equal area. Grouchy v. Williams et al., 161 La. 909, 109 So. 545. See, also, Raceland Bank & Trust

Company v. Toups, 173 La. 742, 138 So. 652.

The judgment, being correct, it is affirmed.