LAND, Justice.
 

 Plaintiff obtained an order of executory process on March 16, 1938, against defendant, Charles Fourroux, on a note secured by chattel mortgage executed under Act No. 198 of 1918 by defendant
 
 on a certain building
 
 located on a lot in the Town of Kenner, which had been leased by defendant from A. J. Cristina, the record owner of the lot.
 

 Section 1 of Act No. 198 of 1918 specifically provides that it shall be lawful to mortgage, among the movables therein enumerated, “buildings on leased ground.”
 

 The chattel mortgage was executed on November 16, 1934, and recorded in Chattel Mortgage Book 7, Folio 178 as Entry 1072 in the Mortgage Office of the Parish of Jefferson.
 

 Thereafter, defendant, Charles Four-roux, purchased the lot on which'the mortgaged building was located and executed a conventional mortgage on the building and lot in favor of J. P. Morgan. The intervenor, and plaintiff in injunction, Sam Howard, later acquired this note, which was secured by the conventional mortgage, which was executed on June 30, 1936.
 

 In the case of Sam Howard v. Charles Fourroux, No. 12322 on the docket of the District Court for the Parish of Jefferson, Howard brought suit via ordinaria to enforce the mortgage on the property, both as to the lot and the building thereon, and obtained judgment against Charles Four-roux, for the amount of the mortgage note, with interest, attorney’s fees, and costs, with recognition of the mortgage. This judgment was recorded in the Mortgage Records of the Parish of Jefferson.
 

 Howard intervened in the foreclosure proceedings brought by Mrs. C. A. Buchler
 
 in
 
 her suit against Charles Fourroux,
 
 *549
 
 No. 12880 on the docket of the District Court, and sought to enjoin her and the sheriff from proceeding further in the executory proceedings and from attempting to sell'the building on the mortgaged property.
 

 The main grounds for the injunction are alleged as follows :
 

 “That the so-called chattel mortgage under which said order for executory process was granted is null and void for the reason, if it is claimed that said mortgage was granted under the provisions of Act No. 198 of .1918 at page 372, that said act violates Article 3, Section 16 of the Constitution of 1921 (and Article 31 of the Constitution of 1898) in this, that the body of the act is broader than its title and therefore unconstitutional.”
 

 “That the only law under which a mortgage can be granted on buildings erected by a lessee on leased ground is Act No. 186 of 1926, approved July 10, 1926, and said act specially provides that no mortgage granted under said act shall affect third persons unless and until recorded in the manner provided by law for the recordation of conventional mortgages upon real estate; and petitioner avers that no such recordation was made or is now of record in the office of the Clerk of Court and ex-officio Recorder for this 'Parish.”
 

 “Petitioner further avers that at the time of the granting of the mortgage by said Fourroux under which your petitioner filed suit and. secured judgment; said mortgage having been originally granted in favor of J. P. Morgan by act before Thomas J. Fitzgerald, Notary Public, June 30, 1936; the said J. P. Morgan, mortgagee, secured a certificate of mortgages from the Clerk of this Court and said certificate was clear and showed no mortgages whatever against the said Charles Fourroux except a small claim of about Thirty Dollars ($30.00) which was subsequently satisfied.”
 

 After hearing had, the trial Judge set aside the preliminary injunction issued in the case, and rendered judgment in favor of Mrs. C. A. Buchler, defendant in injunction, against Sam Howard, plaintiff in injunction, rejecting his demand and dismissing his suit at his costs.
 

 From this judgment, Sam Howard, plaintiff in injunction and intervenor, has appealed.
 

 (1) The title of Act No. 198 of 1918 is “An Act To grant the right to mortgage
 
 movable
 
 property; to provide the method of ' executing,
 
 recording,
 
 foreclosure-and enforcement of such right of mortgage,” etc.
 

 Section 1 of the Act enumerates the various movables it shall be lawful to mortgage, and includes among them “buildings
 
 on leased ground.”
 

 “Section 2. ’Be it further enacted, etc., That every such mortgage of property mentioned in Section 1 shall be in writing, setting out a full description of said property to be mortgaged, so that same may be identified, and also stating definitely the time when the obligation shall mature.” It is specifically declared in this section that
 
 “In order to affect third persons without
 
 
 *551
 

 notice,
 
 said instrument must be passed
 
 by notarial act
 
 and the original or a certified copy thereof shall be recorded in the office of the Recorder of Mortgages in the parish where the property shall then be situated, and also in the parish in which the mortgagor is a resident.”
 

 “Section 4. Be it further enacted, etc., that every mortgage shall be a lien on the property mortgaged from the time same is filed for recordation,
 
 which filing shall be notice to all parties of the existence of such mortgage,
 
 and said lien shall be superior in rank to any privilege or lien arising
 
 subsequently thereto.”
 

 Section 6 provides “that for the purpose of this Act,
 
 it shall be sufficient
 
 for the Recorder of each Parish to keep a book to be known as the
 
 Chattel Mortgage Book,
 
 which shall be ruled off in columns, with headings as follows:
 

 *****
 

 “An index to the Chattel Mortgage Book
 
 shall be kept in the same manner as required for other records.”
 

 The act of chattel mortgage held by Mrs. C. A. Buchler was passed by
 
 notarial act,
 
 and duly recorded in the “Chattel' Mortgage Book” for the Parish of Jefferson.
 

 Under the above quoted sections of Act No. 198 of 1918, it is clear that J. P. Morgan, mortgagee, of the conventional mortgage, upon which Sam Howard relies, and that Sam Howard himself, as the holder of the mortgage note, are affected by notice in this case, as third persons, as to the existence of the prior chattel mortgage in favor of Mrs. C. A. Buchler, although such mortgage was omitted from the certificate furnished by the Clerk and Ex-officio Recorder of the Parish of Jefferson.
 

 To hold otherwise, would be for this court to ignore arbitrarily the plain and unambiguous provisions of Act No. 198 of 1918. •
 

 There are indices of both the' Chattel Mortgage Book and of the Conventional Mortgage Book in the office of the Clerk and ex-officio Recorder for the Parish of Jefferson, and these indices are equally available to all interested third persons.
 

 So, there is not room, under the provisions of Act No. 198 of 1918, even for a plausible argument of
 
 ab inconvenienti.
 
 Besides, such argument is of no avail when urged against the positive provisions of the statute, declaring that
 
 the recordation
 
 of the original, or of a certified copy of the notarial act of chattel mortgage, in the office of the Recorder of Mortgages,
 
 shall affect third persons without notice;
 
 and that even
 
 the filing
 
 of such act of mortgage
 
 shall be notice to all parties of the existence of such mortgage.
 

 (2) In the case of Bank of White Castle v. Clark, 181 La. 303, 159 So. 409, 410, the owner of a plantation executed a chattel mortgage under Act No. 198 of 1918 to secure an indebtedness of $6,500 on certain mules, agricultural implements, vehicles, pumps, engines, and syphons, immovables by destination. Thereafter, the owner of the plantation executed a mortgage on the plantation to secure an indebtedness due the Bank of White Castle in the sum of $37,800.
 

 
 *553
 
 The chattel mortgage was attacked by the Bank on the ground that the movables described therein constituted a part of the plantation and could not be mortgaged or sold separately from the realty.
 

 On the other hand, the holder of the chattel mortgage contended that the effect of the execution and recordation of the chattel mortgage was
 
 to devtmnobilize the movables
 
 and that the recorded instrument was binding upon a subsequent purchaser or mortgagee.
 

 So, in the case at bar, the building on the leased lot became
 
 deimmobilised
 
 and a movable, if it is contended that it formed a part of the realty, and the recorded act of chattel mortgage was binding upon the subsequent mortgagee, Sam Howard.
 

 As stated in the Bank of White Castle v. Clark, cited supra: “If the movables have been immobilized by the owner of the land, he may subsequently mobilize them by granting a mortgage thereon ‘for debts or for money loaned or to secure future advances, or to guarantee the performance of any contractual obligations’ by complying with the terms of the chattel mortgage statute.” Act No. 198 of 1918, § 1.
 

 The statute permits the mortgage of “buildings on leased ground”, and such buildings are properly classified as movables therein.
 

 A movable becomes immobilized, when placed on the land
 
 by the owner,
 
 for its service and improvement. R.C.C. art. 468.
 

 Besides, as stated in the Bank of White Castle v. Clark: “The statute is a useless piece of legislation, if since its enactment movables placed on a tract of land by its owner for its service and improvement are not subject to mortgage, or if a mortgage on detached movables is destroyed
 
 by tkei-t subsequent attachment by the mortgagor to a tract of land owned by him."
 

 The contention therefore of intervener, Sam Howard, that the inclusion in the body of the act of “buildings on leased ground” makes the body of the act broader than the title, and the act unconstitutional, because the title only authorized the mortgaging of movable property, is without merit.
 

 (3) Intervener, Sam Howard, first contends that Act No. 198 of 1918 is unconstitutional, because the body of the act is broader than its title. And then avers, as a consequence of the alleged unconstitutionality of Act No. 198 of 1918, that Act No. 186 of 1926 is the only law under which a mortgage can be granted on buildings erected by a lessee on leased ground, and that this act provides that no mortgage granted thereunder shall affect third persons unless recorded in the manner provided by law for the recordation of conventional mortgages upon real estate. See Petition for Intervention and Injunction, Transcript p. 14, paragraphs 8 and 9 of petition, p. 16.
 

 As we have held that Act No. 198 of 1918 is constitutional, Act No. 186 of 1926 does not become the only law on the subject; and since intervener does not contend that Act No. 186 of 1926 supersedes Act No. 198 of 1918, for any reason than
 
 *555
 
 the asserted unconstitutionality of that act, intervener’s contention is without merit.
 

 (4) Intervener complains that there was no lease recorded, against the property. The recorded chattel mortgage itself was notice to intervener of the existence of the mortgage, and shows that the building mortgaged was on “property standing in the name of. A. J. Cristina, as per act of sale recorded in C.O.B. 115, folio 440.” The notarial act of mortgage is annexed to and made part of the petition for executory process, filed by Mrs. C. A. Buchler, who alleges in this petition: “Petitioner now avers that the said building or buildings and chattel were, at the time of said mortgage, located on a piece of property belonging and standing in the name of A. J: Cristina, as hereinabove set forth, which had been leased by the said A. J. Cristina to the said Charles Fourroux and by him placed- thereon
 
 and subject
 
 to removal by him.” Petition, par. 3, Transcript p. 2.
 

 At page 27 of the transcript appear two receipts for rent of the leased property for the years 1933-34-35,
 
 at the rate of $20 per year.
 
 These receipts are signed by A. J. Cristina, owner of the property, and are given by him to Charles Fourroux, lessee.
 

 Act No. 186 of 1926 does not pretend to amend, in any particular, Section 1 of Act No. 198 of 1918, the Chattel Mortgage Law of the State, permitting the mortgage of “buildings on leased ground/
 

 Nor does Act No. 186 of 1926 purport, in any of its provisions, to repeal or supersede Act No. 198 of 1918, which is not even mentioned in Act No. 186 of 1926. The repealing clause of this act specifically repeals Act No. 21 of,the year 1908, entitled:
 

 “An Act
 

 “Authorizing lessees
 
 who are obligated to make improvements to mortgage their lease, together with the buildings, constructions and improvements erected and to be erected by them,
 
 and to issue bonds secured by said mortgage.
 

 “Whereas,
 
 long-term leases under which the lessee undertakes, at his own cost and expense, to improve and build upon the ground leased,
 
 are becoming increasingly numerous in this State, and,
 

 “Whereas, the upbuilding of the State will be encouraged and promoted by facilitating the raising and borrowing of capital by those who undertake such building operations.”
 

 Section 1 of Act No. 186 of 1926 provides :
 

 “Section 1. ' Be it enacted by the Legislature of Louisiana, That it shall be lawful for a Lessee, Sub-Lessee, or Assignee, of a lease or sub-lease of any real property located in the State of Louisiana, to mortgage, affect and hypothecate his interest in any such lease, or sub-lease,
 
 together with his interest in any and all buildings, constructions and improvements upon the leased premises
 
 then or thereafter existing; provided that nothing in this Act contained shall be held or construed in any manner to affect, diminish or destroy the lien and privilege of the Lessor upon such buildings, constructions and improvements, for
 
 *557
 
 the payment of rent
 
 and the enforcement of other stipulations of the lease;
 
 and provided further, that such mortgage shall not affect third persons unless and until recorded in the manner provided by law for the recordation of conventional mortgages upon real estate.”
 

 It is quite clear from the above provisions that they apply to written contracts of lease, by the terms of which the lessee binds himself, at his own cost and expense, to erect buildings, constructions and improvements upon the leased premises; and not to the case at bar, in which there is only a verbal lease, under whose terms the lessee only pays $20 per year for the rent of the lot.
 

 (5) Intervener, Sam Howard, has filed in this court a plea of res adjudicata based upon a judgment of the lower court rendered on March 7, 1938, dismissing the intervention of Mrs. C. A. Buchler filed in the suit of Sam Howard v. Charles Fourroux to enforce the payment of a conventional mortgage note in the sum of $1200 with interest and attorney’s fees.
 

 The opinion of the trial Judge and judgment in question are as follows:
 

 '“Judgment of Intervention.
 

 “In this case, Sam Howard filed a suit to enforce the payment of a mortgage note amounting to the sum of $1200.00, plus interest and attorney’s fees. After the legal delays for answering had expired, plaintiff moved for and obtained a preliminary default on April 30th, 1937, and on May 4, 1937, Mrs. Conrad A. Buchler filed and obtained an order for intervention and separate appraisement and sale of the mortgaged property, on the ground that she was the holder and owner for a valuable consideration before maturity, of a certain chattel mortgage note amounting to the sum of $2200.00, plus interest and attorney fees.
 

 “On May 6, 1937, the preliminary default herein obtained by plaintiff (Sam Howard) against Fourroux was duly confirmed, and a judgment rendered against Fourroux for the full sum of One Thousand Two Hundred Dollars, with six per cent interest per annum from June 30, 1936, and fifteen per cent (15%) attorney fees on said principal and interest, and ordering that the property be sold by the Sheriff of the Parish of Jefferson, without appraisement, and for costs, and that plaintiff be paid from the proceeds of sale of said property by preference over all other creditors, the amount of his claim, etc.
 

 “On the same day and date that the Intervention was filed, to-wit May 4, 1937, Mrs. Buchler in a separate suit entitled “Mrs. Conrad A. Buchler v. Charles Fourroux, No. 12402 of the docket of the 24th Judicial District Court, filed a suit to enforce the payment of the chattel mortgage note of $2200.00 plus interest and costs, prayed for and obtained an order for executory process ordering the Sheriff of the Parish of Jefferson to seize and sell the very same building which she sought to have appraised and sold separately by way of intervention in these proceedings.
 

 “The building upon which the chattel mortgage bore was duly seized and advertised for sale, the sale to take place on July 3rd, 1937.
 

 
 *559
 
 “Thereupon, Sam Howard, the plaintiff in this suit filed an intervention, prayed for and obtained a rule nisi, and thereafter a preliminary injunction, restraining the Sheriff of the Parish of Jefferson from selling the property under the chattel mortgage note filed by Mrs. Buchler in suit No. 12402.
 

 “To this intervention, counsel for the plaintiff in this suit, filed numerous pleas, and more particularly one in which he sets out that the intervention was rendered ex parte, without any notice or previous hearing had contradictorily with the plaintiff and that the allegations of the petition of Mrs. Buchler did not entitle her to the said order of court. That a final judgment has been rendered in favor of plaintiff in this case, and the said judgment operates as a dismissal of said intervention.
 

 “Without going at length and taking up the several exceptions filed by plaintiff, the Court, after a thorough examination of the law, on the question of interventions,
 
 is of the opinion that intervenor is mistaken in, her remedy.
 
 (Italics ours.)
 

 “ ‘An Intervener or Inter-pleader is a demand by which a third person requires to be permitted to become a party in a suit between other persons, by joining the plaintiff in claiming the same thing, or something connected with it, or by uniting with the defendant in resisting the claims of plaintiff, or, where his interest requires it, by opposing both’ ”.
 

 . Opposition of third parties Art. 395, Code Prac.
 

 “ ‘This opposition is a demand by a third person not originally a party in the suit, for the purpose of arresting the execution of an order of seizure or judgment rendered in such suit, or to regulate the effect of such seizure in what relates to him.’
 

 “Article 396 provides that such opposition may take place in two cases:
 

 “First, when the third person making the opposition pretends to be the owner of a thing which has been seized, and second,
 

 “When he contends that he has a
 
 privilege
 
 on the proceeds of the thing seized and sold.
 

 “ ‘A creditor has no right to interfere in a suit between his debtor and a third party.’ Brown v. Saul, 4 Mart., N.S., 434, 16 Am.Dec. 175; Gasquet v. Johnson, 1 La. 425; Lee v. Palmer, 18 La. 405.
 

 “ ‘The proper mode of testing the rights of one claiming the vendor’s privilege on property attached is not by way of intervention but third opposition.’ Yale v. Hoopes, 12 La. Ann. 460.
 

 “For the above reasons, the court is of the opinion that the intervener is not entitled to the relief prayed for, and, it is therefore
 

 “Ordered, Adjudged and Decreed that the intervention filed by Mrs. Buchler in suit No. 12322, be, and the same is hereby dismissed, with costs.”
 

 As stated in Article 539 of the Code of Practice:
 

 “Definitive or final judgments are such as decide all of the points in controversy, between the parties.
 

 “Definitive judgments are such as have the force of
 
 res judicata."
 

 
 *561
 
 The intervention of Mrs. Buchler was dismissed because she was
 
 mistaken in her remedy.
 
 None of the points in controversy between the parties were adjudicated. The judgment of dismissal was therefore not a definitive judgment and can not be made the basis of the plea of res adjudicata tendered by intervener. The plea is therefore overruled.
 

 (6) Sam Howard also contends that Mrs. Conrad A. Buchler came voluntarily into the suit of petitioner by her petition of intervention and therein sought a judgment against Charles Fourroux via ordinaria, and having proceeded against Charles Four-roux via ordinaria, can not now proceed by executory process against him, although it appears that the intervention of Mrs. Conrad A. Buchler has been dismissed; that having elected to proceed via ordinaria, she forever abandoned any right she had or might have to proceed via executiva.
 

 The fallacy of this argument lies in the fact that the intervention of Mrs. Conrad A. Buchler was dismissed
 
 because she had mistaken her remedy,
 
 which should have been by third opposition. Since the judgment'of dismissal cannot be made the basis of the plea of res adjudicata tendered by Sam Howard, intervener, as we have already held, it is clear that such judgment cannot be urged as an estoppel against the present proceedings by Mrs. Buchler to enforce her chattel mortgage via executiva, the judgment of dismissal not being a definitive judgment.
 

 On the same day that her intervention was dismissed, Mrs. Buchler paid the costs of court and brought the present proceedings via executiva, No. 12880, which were filed March 16, 1938.
 

 The separate proceedings, No. 12402, for executory process, referred to in the opinion of the trial Judge dismissing the intervention of Mrs. Buchler, were filed by her May 4, 1937, and were dismissed as of non-suit and the costs paid, before the present proceedings via executiva were brought.
 

 (7) In suit No. 12322, Sam Howard v. Charles Fourroux, petitioner recovered judgment against Charles Fourroux in the sum of $1200 with six per cent interest thereon from June 30, 1936, and fifteen per cent attorney’s fees on the principal and interest, with recognition of the mortgage on the lot and building. The property was ordered to be sold for cash, without benefit of appraisement, and petitioner to be paid out of the proceeds of the sale of the building and lot by preference over all other creditors.
 

 The intervention of Mrs. C. A. Buchler in the suit of Sam Howard v. Charles Fourroux, No. 12322, delayed the sale of the property.
 

 In suit No. 12880, Mrs. Conrad A. Buchler v. Charles Fourroux, petitioner, in the enforcement of her chattel mortgage on the building on the leased lot, obtained a writ of seizure and sale of the building, for cash without appraisement, to pay and satisfy her claim of $2200, with eight per cent per annum interest from November 16, 1934, until paid, together with ten per cent upon the principal and interest as attorney’s fees and costs of proceedings,
 
 *563
 
 to be paid, out of the proceeds of the sale of the building by priority and preference over all other persons.
 

 This sale was delayed by the intervention of Sam Howard in suit No. 12880, Mrs. Conrad A. Buchler v. Charles Fourroux, accompanied by the application of intervener for an injunction.
 

 Under this situation, it was-agreed by and between counsel for Mrs. Buchler and for Sam Howard, in a written agreement that both parties discontinue the advertisement of the sale of the property pending the final determination of the suit in the Supreme Court. Transcript p. 20.
 

 Since the intervention of Mrs. C. A. Buchler has been dismissed, and the preliminary injunction . obtained by Sam Howard has been set aside, the way is now open for the sale of the property.
 

 For the reasons already assigned in this opinion, we have held that the chattel mortgage on the building, in favor of Mrs. C. A. Buchler, is legal and valid.
 

 As the chattel mortgage was recorded prior to the mortgage on the building and lot secured by intervener, Sam Howard, the lien on the building arising from the recordation of the chattel mortgage is superior in rank to the mortgage on the building and lot. Act No. 198 of 1918, § 4.
 

 Under such circumstances, Mrs. Buchler not only had • a right under the law and the facts to foreclose on the property, but also to have a separate appraisement and separate sale, since the property was to be sold under foreclosure by the holder of a subsequent mortgage.
 

 Such separate appraisement was necessary, in order that the proportion of the sale attributable to her claim may be ascertained.
 

 One of the purposes of Mrs. Buchler, as alleged in her intervention in the suit of Sam Howard against Charles Fourroux, was to provoke a separate appraisement of the buildings on the lot and to ask for a separate sale, so that her claim might be paid out of the proceeds of the sale of the building by preference over all other creditors.
 

 When Sam Howard filed his suit via ordinaria against Charles Fourroux, Mrs. Conrad A. Buchler, previous to the taking of a judgment, filed her intervention.
 

 At the same time, Mrs. Buchler filed a petition for executory process against Charles Fourroux.
 

 As a matter of fact, the following order was entered and signed by the trial Judge:
 

 “Let this petition of intervention be filed and served as prayed for and according to law; let Thomas Rhodes and Maurice Pitre be and they are hereby appointed as appraisers to value the property described in the foregoing petition; ■let Frank J. Ckncey, Sheriff of the Parish of Jefferson, be and he is hereby directed to sell said property separately from the other property of Charles Fourroux and to make separate return of the proceeds of the sale.” Transcript p. 51.
 

 Because of the existence of the above order, counsel for both Mrs. C. A. Buchler and Sam Howard filed the following agreement in the Record of date April 12, 1938:
 

 
 *565
 
 “It is agreed, by and between counsel, that, for the purpose of determining the status, as to whether or not the conventional mortgage given upon the real estate upon which the building sought to be sold, under a chattel mortgage by executory process, as to whether or not that mortgage would become a first mortgage, over and above the chattel mortgage on the building, or whether or not that mortgage, given upon the real estate, would become a second mortgage, insofar as the building is concerned; that, in order to settle this dispute, counsel on both sides make the following agreement:
 

 “That they will both discontinue the advertisement of the sale of the property, in order that it will be safe for both persons to know that the property will not be sold until the final termination of this suit, and the Sheriff be informed accordingly.”
 

 For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from by Sam Howard, intervener, and plaintiff in injunction, be affirmed.
 

 It is further ordered, adjudged and decreed that the chattel mortgage of Mrs. C. A. Buchler, plaintiff herein, be and is hereby recognized as the first mortgage on .the building on the property, and that the conventional mortgage of Sam Howard, on the building and the property, be and is hereby recognized as the second mortgage, insofar as the building is concerned.
 

 It is further ordered, adjudged and decreed that the building, subject to the chattel mortgage, on the property, be separately appraised; and be separately sold by the Sheriff of the Parish of Jefferson, and that the Sheriff make separate return of the proceeds of the sale.
 

 It is further ordered, adjudged and decreed that Mrs. C. A. Buchler, plaintiff herein, be paid out of the proceeds of the sale of the building her claim, with interest,'attorney’s fees and costs, by preference and with priority over all other creditors; and that Sam Howard, intervener and plaintiff in injunction, appellant herein, pay the costs. of appeal, and all costs of the intervention and injunction proceedings incurred in the District Court.
 

 FOURNET and HIGGINS, JJ., dissent.
 

 O’NIELL, C. J., concurs in the result.