**57 So.2d 906**

**LASYONE v. EMERSON et al.**

**No. 40251.**

Feb. 18, 1952.

Rehearing Denied March 24, 1952.

Harry Fuller, Winnfield, for defendants-appellants.

Harwell L. Allen, Winnfield, for plaintiff-appellee.

FOURNET, Chief Justice.

The defendants are appealing from a judgment of the district court ordering the partition by licitation of a certain piece of property located in Lot 9, Block 2 in the Town of Winnfield and the two-story brick building standing thereon, in which the plaintiff, Mrs. Juanita Lasyone, was decreed the owner of an undivided half interest and the defendants, John Emerson and Joe Emerson, each the owner of an undivided one-fourth interest, with an award in favor of the defendants for certain improvements made to the property and found to have a value of $3,026—as to which plaintiff was allowed to elect, within fifteen days after final judgment, either to pay the cost and value thereof or to pay to defendants the enhanced value of the property (pursuant to appropriate appraisal of the property and of the improvements) ; and upon her failure to act within the stipulated time, decreeing her to have elected to pay the enhanced value. The remaining proceeds (after payment of costs and of the above item) were ordered divided among the parties in proportion to their interest.

The plaintiff answered the appeal, praying that the award for the addition be set aside, but that otherwise the judgment be affirmed.

In 1913 the entire property was owned by Cas Moss, then a practicing attorney and now a District Judge of the State. On October 13 of that year he sold to the Winnfield Drug Company, Ltd., a Louisiana corporation, an undivided half interest in and to the lot and brick building described above, and "also an undivided one-half interest in all wall rights acquired by sale, purchase or contract" affecting said building. In this deed is contained the following stipulation:

"It is covenanted and agreed, and the vendor and vendee do by these presents covenant and agree, that the Vendee shall have the use, without rental, of the lower story of the two story brick building situated on said property, to assume the upkeep, repairs and improvements of said lower story as needed and as may be necessary for the operation of said business; to extend said lower story, without interference or hindrance to the second story of said building, back on said lot to a distance of One Hundred feet which extended portion of said lower story shall be the individual property of said vendee.

"It is also covenanted and agreed, and vendor and vendee do by these presents covenant and agree, that the use, without rental, of the second story of said building shall be retained in the Vendor, who shall have the use of same for himself, or to lease, and to maintain the upkeep, repairs and improvements of same.

"The first or lower story of said building is understood to include from the ground to the second floor and the second story is understood to include from the second floor to the roof inclusive.

"The vendor also retains the stairway which is to remain intact and kept as means of ingress and egress to second story."

On July 20, 1915, Judge Moss conveyed to Eastern Star Lodge 97, Knights of Pythias, the other undivided half interest in and to the property, including an undivided half interest in all wall rights owned by him and affecting the building. In the deed is contained the stipulation that: "The other undivided one-half interest in said property was sold by vendor to Winnfield Drug Company Ltd., by deed dated Oct. 13, 1913, and recorded * * * and all rights as to the use of improvements and upkeep of the 1st and 2nd story of said building expressed in said deed are accepted by vendee and made a part of this deed."

All subsequent deeds affecting this property make reference to the two original conveyances executed by the common author. The plaintiff deraigns her title from the Knights of Pythias by mesne conveyance, having purchased her interest on December 30, 1946, for $1,000. The defendants deraign their title from the Winnfield Drug Company (now dissolved), having

purchased their interest on April 10, 1929, for $5,000. They later constructed an addition to the lower floor, with the knowledge and consent of the owners of the other interest, and now operate a drug store in the premises.

The plaintiff, alleging that the property is not susceptible of being divided in kind and that therefore a partition by licitation was properly ordered, contends that under the laws and jurisprudence of this State she is entitled to proceed by an action in partition as a matter of right.

The defendants oppose the action on the ground that the property has been divided, separately occupied and separately used for more than fifty years (as evidenced by a duly recorded deed of December 3, 1901, in which Bernstein conveyed the property to Peters "except the upper story, which belongs to and is at present used as a Lodge Hall by Eastern Star Lodge No. 151, F. & A. M."). They assert that when Judge Moss sold an undivided interest to Winnfield Drug Company, a complete severance into two separate estates was intended by the parties—the division being horizontal instead of vertical—as is clearly indicated by the provision that the extended portion, when added to the first floor, "shall be the individual property of said vendee." They are contending now, as they did in the lower court, that the plaintiff's claim is inequitable and unjust, since they paid four times more for their interest than did the plaintiff for hers and the upper floor has always sold for less than the lower floor; and urge that such voluntary agreement to partition should be recognized and maintained by the courts of this State as has been done in other states.

From the clear and unambiguous language used in the deed of October 13, 1913, the conclusion is inescapable that Judge Moss intended to convey an undivided half interest in and to the property in controversy, but retained for himself the use and usufruct of the upper floor of the building and granted a limited usufruct only to his vendee as to the lower floor— for while he did specify that the vendee, Winnfield Drug Company, should have the *use* of the lower floor without rental, and granted to it the right to extend the lower story as stipulated in the act, he apparently withheld from it the right to lease or sublease the same.

Usufruct is defined in the Code to be the right of enjoying a thing, the property of which is vested in another, and to draw from the same all the profit, utility and advantages which it may produce, Art. 533, Revised Civil Code; and may be granted to all such as may be possessed of an estate, even to corporations. Art. 543. The usufructuary has the obligation of taking the same care of the thing as would a prudent owner, Art. 567, is liable for necessary expenses, Art. 570, and repairs for the preservation of the estate, Art. 571, and for the payment of all taxes and contributions imposed on the property subject to the usu-

fruct. Art. 578. The right of usufruct expires at the death of the usufructuary, Art. 606; however, that granted in favor of corporations lasts only thirty years, and if the corporation is suppressed, abolished or terminates in any other manner, the usufruct ceases and becomes united with the ownership. Art. 612.

It necessarily follows that since the usufruct granted to the Winnfield Drug Company, a dissolved corporation, has long since terminated either upon the dissolution of the corporation or the lapse of thirty years (whichever event occurred first), and the usufruct retained by Judge Moss in the same deed (now vested in the plaintiff) was waived by institution of the present suit, there is no longer an outstanding usufruct with respect to this property.

From the earliest codification of our civil law in 1808, and through the various revisions, the Civil Code of Louisiana has contained a provision concerning the right of partition in the case of property jointly owned; the present article, which has not varied since the Code of 1825, provides: "No one can be compelled to hold property with another, unless the contrary has been agreed upon; any one has a right to demand the division of a thing held in common, by the action of partition." Art. 1289. In view of these clear and unequivocal provisions the jurisprudence has been uniform in ordering a partition upon the demand of a joint owner (in the absence of a contrary agreement). Whether the partition be ordered in kind or by licitation is dependent on the nature of the estate, and by the settled jurisprudence, partition in kind, favored by the law, should be ordered in all cases where the property is divisible unless such division would cause diminution of value or loss, or inconvenience. Kaffie v. Wilson, 130 La. 350, 57 So. 1001; Hoss v. Hardeman, 156 La. 371, 100 So. 532; Grouchy v. Williams, 161 La. 909, 109 So. 545; Rayner v. Rayner, 171 La. 1050, 132 So. 784; Raceland Bank & Trust Co. v. Toups, 173 La. 742, 138 So. 652; Revised Civil Code, Art. 1337.

In the instant case, however, the defendants' argument that this property is susceptible of division in kind, that is, horizontally (as to which counsel offers no legal precedent in Louisiana), cannot be sustained in view of the substantive provisions of our law above referred to and also the provision that "The ownership of the soil carries with it the ownership of all that is directly above and under it. * * *" R.C.C. Art. 505. The various forms of tenure of real property permitted in common law states which are irreconcilable with the provisions of the Civil Code cannot receive the sanction of our courts. See Frost-Johnson Lumber Co. v. Salling's Heirs, 150 La. 756, 91 So. 207. The judgment of the lower court decreeing partition by licitation was therefore correct.

We also approve the ruling of the trial judge as to the rights of defendants with respect to the structure made by them

as an extension to the lower floor. Under our law, buildings or other structures, being immovable by nature, become a part of the land. R.C.C. Arts. 464, 504; Westwego Canal & Terminal Co. v. Pizanie, 174 La. 1068, 142 So. 691; Buchler v. Fourroux, 193 La. 445, 190 So. 640. And in the case of Grouchy v. Williams, supra, 161 La. at page 913, 109 So. at page 547, this Court said: "As part owner [of the land the defendant] had a right, with the consent of her co-owners, to put improvements on the land, and she was not a trespasser or 'possessor in bad faith' when she did so. She cannot therefore be compelled to remove them, as they have become part of the immovable, and she is entitled [either to their value, or] to the enhanced value of the soil. Poche v. Theriot, 23 La.Ann. 137; R.C.C. art. 508, par. 4." See, also, Atkins v. Smith, 207 La. 560, 21 So.2d 728.

In argument and brief in this Court the plaintiff no longer complains of the award in favor of the defendants, admitting that it is "fair and reasonable in every respect with the exception of the allowance of $500 for the installation of a cooling system" (consisting of a fan and enclosed duct running through the lower floor with outlet at the rear), which is objected to on the ground that it is not a permanent improvement to the building. An examination of the record discloses that this objection is unsupported by the evidence.

The contention of counsel for the defendants that Judge Moss should not have voluntarily recused himself, since he had no interest in the case and was not called in warranty, is without merit. The minutes of the Court show that no objection was made at the time Judge Moss took such action and ordered that a judge from another district be appointed to try and determine the suit. That occurred on May 31, 1948, upon the filing of exceptions of no cause or right of action following the filing of the petition (on May 10, 1948). A year and a half later, after ruling had been made by the special judge on numerous exceptions, including a written opinion overruling exceptions of no cause or right of action, and after answer had been filed, defendants' counsel for the first time objected, and excepted to the overruling of his motion of want of capacity of the trial judge. In view of the long period of acquiescence, during which issue was joined, if the contention was ever meritorious the right to object is presumed to have been waived.

For the reasons assigned the judgment of the district court is affirmed.