415 So.2d 426 (1982)
Mary Foster FRANKLIN
v.
Eddie FRANKLIN.
No. 14791.
Court of Appeal of Louisiana, First Circuit.
May 25, 1982.
*427 Ben E. Atkins, Baton Rouge, for plaintiff-appellee Mary Foster Franklin.
James B. Thompson, III, Baton Rouge, for defendant-appellant Eddie Franklin.
Before ELLIS, PONDER and SAVOIE, JJ.
ELLIS, Judge.
This is a suit for the partition of property belonging to the community which formerly existed between plaintiff Mary Foster Franklin and defendant Eddie Franklin. The record shows that the parties purchased Lot 9 of Square 11 of Jordan Terrace subdivision on July 10, 1962, while still married to each other. They were legally separated on August 28, 1968. Mr. Franklin testified that at the time of the separation, their equity in the property was worth $2,600.00. He testified that he had offered to sell to Mrs. Franklin or buy her out for $1,300.00, but she refused. Subsequent to the separation, Mr. Franklin remained in possession of the lot and home. On November 30, 1976, he purchased the adjoining lot, Lot 8 of Square 11, and thereafter improved the existing house and constructed an addition *428 thereto, which was built partly on Lot 8 and partly on Lot 9.
As of the time of trial, the property, consisting of both lots and the improvements thereon, was appraised at $58,200.00. The original house on Lot 9 would have then had an appraised value of $16,500.00.
It was stipulated that Mr. Franklin paid $7,425.00 to retire a mortgage that was on the property securing a community debt for which he is entitled to credit. He expended $16,455.00 on the improvements added after the divorce. It was further stipulated that Lot 8 had a value of $5,250.00.
After the trial, at which it was further stipulated that the property could not be partitioned in kind, the court ordered the property to be sold to effect a partition by licitation, for not less than $40,000.00 cash. It was ordered that both Lot 9, which was community property, and Lot 8, which was Mr. Franklin's separate property, be included in the sale, as well as the original community home and the addition made thereto by Mr. Franklin. It was further ordered that, from the proceeds of the sale, the Sheriff pay to Mr. Franklin $29,130.00, being the total expended by him in mortgage payments, improvements, and the purchase of Lot 8. The Sheriff was ordered to divide the balance of the purchase price equally between the parties hereto. From that judgment, Mr. Franklin has appealed.
In this court, defendant contends that the judge erred in ordering the sale of Lot 8, which is his separate property; that the trial court erred in not giving him credit for the enhanced value of his separate property and the community property arising from the improvements placed thereon with his separate funds; and that the court erred in allowing the plaintiff to share in the enhanced value of defendant's separate property.
Defendant argues that only the $16,500.00 value of the original property should be partitioned; that defendant's separate estate should pay that amount to the community estate; that defendant should receive credit for the community mortgage which he paid off, and the balance remaining should be equally divided between plaintiff and defendant. Apparently, defendant also contends that there is no necessity to order a sale of the property to effect the partition, if the above procedure is followed.
As to the sale of Lot 8, we can find no law, jurisprudential, codal or statutory, which covers this situation, in which a structure, part community and part separate, stands on property which is part community and part separate. Since positive law is silent, under the dictates of Art. 21 of the Civil Code, the question must be decided according to "natural law and reason". In this case, it is apparent from the record that the house built on the two lots cannot be moved, disassembled, or returned to its original state, without substantial loss to both parties. We conclude, as did the district judge, that the partition sale must include both Lot 8 and Lot 9, and all of the improvements thereon. Defendant cannot be heard to complain, since the situation has resulted from his own actions.
An owner in indivision of an immovable who is in possession thereof, and who constructs improvements thereon, bona fide, is entitled to be reimbursed the cost of the materials and of the workmanship, or their current value, or the enhanced value of the immovable. Article 496, Civil Code; Grouchy v. Williams, 161 La. 909, 109 So. 545 (1926). The choice of the method of compensation is at the option of the other co-owner. In this case, by not appealing, plaintiff has acceded to the judgment signed herein, which, in effect, reimburses defendant for the cost of the improvements made by him. We therefore find no error in the finding of the trial judge in this respect.
As to the suggestion that the partition be made without sale, we note that the Civil Code provides only for partition in kind or by licitation. It is stipulated in this case that the property is not divisible in kind. Therefore, it must be sold to effect the partition. Arts. 1336, 1337, 1339, Civil Code.
*429 The judgment appealed from is affirmed, at defendant's cost.
AFFIRMED.