3. Whether the trial court's award of one-fifth (1/5) of the proceeds of the sale to each owner in indivision subject to a credit of $48,476.18 to William is contrary to law.
Standard of Review
This Court, in Slimp v. Sartisky , outlined the appropriate standard of review as follows:
A trial judge is afforded a great deal of latitude in arriving at an equitable distribution of the assets between co-owners. However, the allocation or assigning of assets and liabilities in the partition of property is reviewed under the abuse of discretion standard. Legaux-Barrow v. Barrow, [20] 08-530, p. 5 (La. App. 5 Cir. 1/27/09), 8 So.3d 87, 90, writ not considered, [20]09-0447 (La. 4/13/09), 5 So.3d 152. It is further settled that a court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of "manifest error" or unless it is "clearly wrong," and "where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable." Rosell v. ESCO, 549 So.2d 840, 844 (La.1989).
Slimp v. Sartisky , 2011-1677, p. 21-22 (La. App. 4 Cir. 9/17/12), 100 So.3d 901, 916.
According to La. C.C. art. 797, ownership of the same thing by two (2) or more persons is "ownership in indivision," and all shares are presumed equal. Louisiana Civil Code article 807 provides, in pertinent part, that "[a]ny co-owner has a right to demand partition of a thing held in indivision." Here, the parties, as owners in indivision or co-owners of the property had the right to seek partition. Pursuant to La. C.C. art. 811[1] , because the property, a residential house, does not lend itself to partition in kind, it was subject to partition by licitation with proceeds distributed in proportion to shares.
Pre-Hurricane Katrina Renovation
Before Hurricane Katrina, the co-owners agreed to sell the property. But first, the co-owners agreed to renovate the property in an attempt to yield a higher profit. The co-owners also agreed that, prior to the renovation, the property was worth $67,000.00; Charles and William would be financially responsible for the renovations; and, upon the sale of the property, each co-owner would receive one-fifth (1/5) share of $67,000.00 and Charles and William would share, equally, any proceeds that exceeded $67,000.00. About this time, Charles was terminated from his job and was unable to financially contribute his one-half of the cost of renovations. William asserts that he and Charles agreed that William would pay all the costs of the renovations and that Charles would reimburse him from Charles' share of the proceeds after the sale of the property. William asserted that he paid $46,000.00 for these renovations. After the renovations were completed, but before the property was sold, Hurricane Katrina caused significant damage to the property, which was not insured. At trial and on appeal, William seeks reimbursement in the amount of $23,000.00 representi *1136 ng one-half of the costs of the pre-Hurricane Katrina renovation.
Post-Hurricane Katrina Renovation
William asserts that after Hurricane Katrina, he was the only co-owner interested in renovating the property. In his appellate brief, William asserts that if the property had been sold without renovating, the property would have sold for $5,000.00; each co-owner would have received a one-fifth share of that amount.[2] According to William, Charles, as the executor, received notice from the parish that the property would be demolished if it was not repaired. In response, William began renovating the property with the knowledge and consent of the other co-owners; the other co-owners did not contribute financially to the post-Hurricane Katrina renovation. In July 2007, after the completion of the renovation, William and his wife began residing in the property.
Analysis
Louisiana Code of Civil Procedure article 804 provides that "[s]ubstantial alterations or substantial improvements to the thing held in indivision may be undertaken only with the consent of all the co-owners." Upon review of the appellate record, it appears that all owners in indivision consented to William and Charles renovating the property, both before and after Hurricane Katrina. As such, La. C.C. art. 496 provides that "[w]hen constructions, plantings, or works are made by a possessor in good faith, the owner of the immovable may not demand their demolition and removal. He is bound to keep them and at his option to pay to the possessor either the cost of the materials and of the workmanship, or their current value, or the enhanced value of the immovable." In Franklin v. Franklin , the court makes it clear that "[t]he choice of the method of compensation is at the option of the other co-owner." Franklin , 415 So.2d 426, 428 (La. App. 1st Cir. 1982). Here, in its reasons for judgment, the trial court reasoned that "[a]lthough the other parties have not explicitly selected a particular valuation, it greatly behooves them to select the lowest one, so the [c]ourt will proceed as if they had made that choice." It was reasonable for the trial court to determine that the parties would select the lowest reimbursement option.
At trial, William was unable to prove the cost of his pre-Hurricane Katrina renovation because his receipts were lost in the flood. However, both William and his expert witness, Roy Gross, III ("Gross"), estimated the cost of the pre-Hurricane Katrina renovation at $46,000.00. William admitted at trial and in his appellate brief that he only presented receipts for some of the costs of the post-Hurricane Katrina renovations. However, Gross testified that the value of the material and workmanship totaled $91,150.00.
After weighing the evidence and the witness testimony presented at trial, the trial court found the evidence insufficient to prove that William was entitled to reimbursement from Charles for one-half of the costs of the pre-Hurricane Katrina renovations and that "the loss should remain where it fell." The trial court held that William was entitled to reimbursement in the amount of $48,476.18 for the "cost of the materials and labor he paid to renovate the property." After weighing the evidence and the witness testimony presented at trial, the trial court found the evidence insufficient to prove that William was entitled to additional reimbursement for the post-Hurricane Katrina renovation to the *1137 property. The Louisiana Supreme Court has stated:
[w]hen there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court's better capacity to evaluate live witnesses (as compared with the appellate court's access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts.
Canter v. Koehring Co. , 283 So.2d 716, 724 (La.1973)
Accordingly, this Court will not disturb the trial court's factual findings because we do not find that the trial court abused its discretion.
DECREE
For the foregoing reasons, we find that the trial court did not abuse its discretion; therefore, we affirm the trial court's February 9, 2017 judgment.
AFFIRMED

As provided in La. C.C. art. 810, partition in kind is the "division into as many lots of nearly equal value as there are shares and the aggregate value of all lots is not significantly lower than the value of the property in the state of indivision."

At trial, the parties stipulated that immediately after Hurricane Katrina, the property was valued at $22,500.00, and the property is presently valued at $110,000.00.