MARION F. EDWARDS, Judge.
12This is an appeal from a trial court judgment partitioning community property pursuant to a divorce. For reasons that follow, we affirm.
The parties were divorced by judgment dated May 23, 2006. In the course of these divorce proceedings, the husband, Clarence Barrow, Jr. (“Mr. Barrow”), filed a motion to partition community property. Each party filed a sworn descriptive list itemizing the assets and liabilities of the community, and a traversal hearing was held by the trial court. After the hearing, the trial court rendered judgment dividing the assets and liabilities of the community between the parties and ordered Mr. Barrow to pay an equalizing payment to his wife, Lisa A. Legaux-Barrow (“Mrs. Barrow”), in the amount of $3,433.
The judgment allocated the family home and much of the furnishings to Mrs. Barrow. She also received her retirement fund of $11,039, savings bonds valued at $1,200, and a 1997 Toyota Camry valued at $1,500. Additionally, the ^responsibility for the mortgage on the family home ($136,000) was allotted to Mrs. Barrow.
Mr. Barrow received a 2003 Dodge Ram Truck ($22,500), a Harley-Davidson Mo *89 torcycle ($14,600), his pension valued at $68,800, some household items, and cash in the amount of $14,000 for proceeds from a prior sale of a motorcycle, and $6,397 in hurricane insurance proceeds.
The trial court allocated responsibility for the credit card bills ($3,783) and the note on the dodge Ram ($12,000) to Mr. Barrow.
The net amount allocated to Mrs. Barrow was $92,156, and the net to Mr. Barrow was $111,664, leaving an equalizing payment of $3,433 due to Mrs. Barrow.
Mr. Barrow appeals from that judgment and presents only one issue for our review. He argues that the trial court erred in applying the Hare[1] present value methodology, rather than the Sims[2] fixed-percentage formula to his pension. At the trial on the matter, Mr. Barrow requested the trial court to use the Sims formula.
When the Louisiana Supreme Court handed down the decision in Sims, the Louisiana statutory scheme for partitioning community property did not allow a judicial partition of unmatured pension benefits. Since that time several changes in Federal and State law, including the enactment of LSA-R.S. 9:2801 were recognized by the Louisiana Supreme Court in its decision in Hare. The Hare Court found that:
Neither the Civil Code nor La.R.S. 9:2801 contains anything that requires courts to follow the fixed percentage method to the exclusion of others. In fact, La.R.S. 9:2801, which was enacted subsequent to Sims affords the partitioning tribunal a great deal of flexibility and clearly implies that the |4goals of equality and equity require that no one method should be used to the exclusion of other apportionment techniques. Moreover, our study of legal developments both here and in other jurisdictions convinces us that because of the great variations in pension plans and communal situations no one method can accomplish justice in every case. It is essential, therefore, that courts be able to take advantage of reasonable alternatives and adjustments in order to accomplish an equal distribution in an equitable manner in all situations.[3] (Citations omitted.)
It is clear from the written Reasons for Judgment that the trial court considered Mr. Barrow’s request but found it inappropriate in this matter.
In its Reasons for Judgment, the trial court stated:
Mr. Barrow has urged this court to allocate only the tangible assets and apply the Sims formula to the distribution of the pension funds. To do so would require Mrs. Barrow to pay a large sum of money as an equalizing payment to Mr. Barrow, and Mrs. Barrow cannot afford to make such payment due to her assumption of the mortgage on the family home. Allocation of the parties’ pension funds in their entirety to the respective owners results in a more feasible, less burdensome, distribution and is permitted by La. R.S. 9:2801 A(4)(c)[.]
Thus, the trial court relied on LSA-R.S. 9:2801(A)(4)(c)[4] in allocating pension *90 funds in their entirety to the respective owners, rather that applying the Sims formula to this matter. This is clearly permitted by the statute and the jurisprudence.
| Jt is well-settled that a trial court has broad discretion in adjudicating issues raised by divorce and partition of the community. The trial judge is afforded a great deal of latitude in arriving at an equitable distribution of the assets between the spouses.[5] In deciding to whom an asset or liability shall be allocated, the court shall consider the nature and source of the asset or liability, the economic condition of each spouse, and any other circumstances the court deems relevant.[6] The trial court’s allocation or assigning of assets and liabilities in the partition of community property is reviewed under the abuse of discretion standard.[7]
In support of his argument that this Court should use the Sims fixed-formula method, Mr. Barrow cites Blanchard v. Blanchard,[8] We find the facts of Blanchard to be distinguishable from the matter before us and; therefore, not controlling. In Blanchard the community property consisted of only two assets subject to division, the home valued at $44,000 and the wife’s pension fund with a present value of $50,267. In that case we ruled that the vast differences in nature and character between the two assets required the use of the Sims formula.[9]
In the instant case there are many other assets of the community that were divided by the trial court, including two pensions. Further, in this matter, unlike in Blanchard, the home is not mortgage-free. While it is true the community home has a value of $200,000, it is encumbered by a mortgage in the amount of $136,000, leaving a net value of 64,000. Mr. Barrow’s pension fund has a current value of $68,800. But, these are not the only two assets at issue in the division of property. Unlike Blanchard, the Barrows each have a pension and several other assets including vehicles, household goods, and cash. In addition to his pension, |fiMr. Barrow also received two vehicles, hurricane proceeds and cash from the sale of motorcy *91 cle, while Ms. Barrow received most of the household effects.
In the matter before us, the trial court gave valid reasons for the decision. The court allocated to each party their own pension. Accordingly, Mr. Barrow received his pension, currently valued at $68,800, and Mrs. Barrow received hers, currently valued at $11,039. Ms. Barrow did receive the house, but she also assumed the mortgage. Other assets were divided up by the trial court as discussed herein.
Considering those allocations and the allocations as a whole, we can find no abuse of discretion in the trial court’s decision.
Accordingly, we affirm the judgment.

AFFIRMED.

GUIDRY, J., concurs.
JASMINE, J., dissents.

. Hare v. Hodgins, 586 So.2d 118 (La.1991).

. Sims v. Sims, 358 So.2d 919 (La.1978).

. Hare v. Hodgins, 586 So.2d at 126-27.

. LSA-R.S. 9:2801(A)(4) provides:
A. When the spouses are unable to agree on a partition of community property or on the settlement of the claims between the spouses arising either from the matrimonial regime, or from the co-ownership of former community property following termination *90 of the matrimonial regime, either spouse, as an incident of the action that would result in a termination of the matrimonial regime or upon termination of the matrimonial regime or thereafter, may institute a proceeding, which shall be conducted in accordance with the following rules:
(4) The court shall then partition the community in accordance with the following rules:
(a) The court shall value the assets as of the time of trial on the merits, determine the liabilities, and adjudicate the claims of the parties.
(b) The court shall divide the community assets and liabilities so that each spouse receives property of an equal net value.
(c) The court shall allocate or assign to the respective spouses all of the community assets and liabilities. In allocating assets and liabilities, the court may divide a particular asset or liability equally or unequally or may allocate it in its entirety to one of the spouses. The court shall consider the nature and source of the asset or liability, the economic condition of each spouse, and any other circumstances that the court deems relevant As between the spouses, the allocation of a liability to a spouse obligates that spouse to extinguish that liability. The allocation in no way affects the rights of creditors.

. Kambur v. Kambur, 94-775 (La.App. 5 Cir. 3/1/95), 652 So.2d 99.

. LSA-R.S. 9:2801(A)(4)(c).

. Williams v. Williams, 2006-2491 (La.App. 1 Cir. 9/14/07), 970 So.2d 633, 641.

. Blanchard v. Blanchard, 96-1031 (La.App. 5 Cir. 5/28/97), 697 So.2d 275, writ granted, 97-2305 (La.12/19.97), 706 So.2d 439, aff'd, 97-2305 (La. 1/20/99), 731 So.2d 175.

. Id.